[Crim. No. 361.  In Bank.—December 1, 1897.]

## Ex Parte JOHN C. EDGAR on Habeas Corpus.

HABEAS CORPUS—FEDERAL QUESTION—APPEAL FROM FEDERAL COURT—STAY OF PROCEEDINGS.—Where a petition to a circuit or district court of the United States for a writ of *habeas corpus* on behalf of a prisoner in the state's prison, who is under penalty of death for murder by sentence of a state court, presents a federal question, an appeal to the supreme court of the United States from an order either remanding the petitioner or refusing him a writ, stays all further proceedings by the state courts or by the state authorities pending the appeal, and by operation of section 766 of the United States Revised Statutes, any such further proceedings, until the determination of the appeal, are null and void.

ID.—VALIDITY OF PROCEEDING BY INFORMATION—QUESTION UNDER FEDERAL CONSTITUTION.—The question whether a proceeding by information, instead of indictment, is in violation of the constitution of the United States, is a federal question; and is none the less such because former cases have been decided by the supreme court of the United States contrary to the contention of one who raises such question by petition to a federal court for a writ of *habeas corpus,* and by appeal to the supreme court of the United States from an order denying the writ.

ID.—STAY—MERIT OF APPEAL NOT TO BE CONSIDERED—ALLOWANCE OF APPEAL —PROOF OF FEDERAL QUESTION.—Where a federal question is presented, upon a petition for a writ of *habeas corpus,* in a federal court, and an appeal has been taken from an order denying the writ, it is the appeal, and not the merit of the appeal, which operates as a stay; and the very fact that an appeal has been allowed by the federal court, after deciding the question presented pursuant to previous decisions of the supreme court of the United States, is equivalent to a declaration of that court that a federal question was presented, and the appeal allowed must operate as a stay.

ID.—VOID CONTEMPT PROCEEDINGS AGAINST ACTING WARDEN OF STATE'S PRISON—DISCHARGE UPON HABEAS CORPUS.—The acting warden of the state's prison is not in contempt of the authority of the state court ordering the execution of a prisoner under sentence of death, in deferring such execution pending an appeal to the supreme court of the United States from an order of a district court of the United States refusing a writ of habeas corpus to the prisoner; and, if imprisoned for contempt for so doing by order of the state court, will be discharged upon *habeas corpus.*

WRIT of *habeas corpus* in the Supreme Court to the Sheriff of San Diego County to test the validity of the imprisonment of the petitioner under contempt proceedings had in the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

John R. Aiken, and D. J. Murphy, for Petitioner.

A. H. Sweet, District Attorney, for Respondent.

HENSHAW, J.—John C. Edgar was adjudged guilty of contempt by the superior court of San Diego county, and was punished therefor by a fine of two hundred dollars, with the alternative of imprisonment. This hearing is under his application for a writ of *habeas corpus*.

The facts giving rise to the alleged contempt are the following: One Joseph Japhet Ebanks was convicted of murder in the first degree before the superior court of San Diego county, and, upon appeal to this court, the judgment of conviction and the order denying him a new trial were affirmed. Thereafter Ebanks was brought before the superior court of San Diego county, which pronounced its order, fixing the day of execution on the eighth day of October, 1897, within the walls of the state prison at San Quentin. Pursuant to this order Ebanks was delivered to the custody of the warden of that institution. Upon the day fixed for his execution Ebanks made application to the district court of the United States in and for the northern district of California, praying for a writ of *habeas corpus*, alleging that he was restrained of his liberty by W. E. Hale, warden of said prison, in violation of his rights under the constitution of the United States, and setting up certain facts in support of this allegation. The district court denied his petition, whereupon he appealed from the order so denying his application, to the supreme court of the United States, and therewith petitioned said district court that his appeal be allowed, and that a transcript of the records, proceedings, and papers upon which said order was made be transmitted to the supreme court of the United States. The district court made its order allowing the appeal. Certified copies of all the papers in the matter of the application and of the appeal were served upon petitioner, John

C. Edgar, as acting warden of the state prison at San Quentin, the warden at that time being absent from the state of California. These papers were served upon Edgar before the execution and before the expiration of the time limited for the execution.

The acting warden was thus placed in a most trying and difficult position. He was called upon to decide at his peril whether or not Ebanks' appeal to the supreme court of the United States operated to stay his hand as an executive officer of the state of California. If the appeal did operate as a stay, and he decided that it did not, and proceeded with the execution, he would be guilty of unlawfully taking the life of a human being. If, upon the other hand, the appeal did not operate as a stay, and he decided that it did so operate, he stood liable to be punished for contempt for violation of the order of the superior court of the state. In this clash of judicial authorities there was no court to which he could look for direction. It was incumbent upon him to make his own choice, unaided by the decision of any judicial tribunal. He concluded that the appeal of Ebanks operated to stay the hand of the state authorities, and therefore declined to execute the death warrant, whereupon he was cited before the superior court of San Diego county, and, upon a presentation of these facts, none of which is disputed, was adjudged guilty of contempt and punished therefor, as above set out.

The reasoning by which the superior court reached its conclusion in the matter may be thus summarized: The courts of the United States are courts of limited jurisdiction. The presumptions in any given case are not in favor, but against, their jurisdiction. In a petition for *habeas corpus* to a circuit or district court, whereby it is sought to arrest the hands of the state authorities, upon the ground that the defendant is restrained of his liberty in violation of the constitution or laws of the United States, there must appear upon the face of the petition averments of substantial facts presenting a federal question. The mere naked averment of a conclusion of law that a defendant is so illegally restrained is not sufficient to confer jurisdiction. Where jurisdiction has not been conferred by a sufficient petition, an appeal by the petitioner from an order remanding him after hearing, or from an order refusing his application for a

writ (as in the present case), will not operate upon the state courts and authorities to stay proceedings.

The soundness of the court's reasoning in these particulars we need not here pause to consider.

It further decided, after elaborate discussion and consideration, that the petition of Ebanks to the district court did not set forth facts raising or presenting a federal question, and therefore concluded that the federal courts never obtained jurisdiction, and that the hands of the state authorities were never stayed. In consonance with this conclusion it adjudged the petitioner to be guilty of contempt.

It has been declared unnecessary to consider the trial court's reasoning to the effect that in cases such as this, if the petition does not present a federal question, the state authorities are at liberty to act despite the petitioner's appeal. This is so for the very obvious consideration that, if it shall appear that a federal question was presented in the Ebanks petition, the reasoning has no application to the case at bar, for it is admitted by all concerned that if a federal question be presented in such a case, and an appeal be taken from the order of the district court, either remanding the petitioner or refusing him a writ, then, by operation of section 766 of the Revised Statutes of the United States, all further proceedings in the matter against the petitioner in the state courts, or by the state authorities, until the determination of his appeal, are null and void.

In the present unhappy condition of the United States laws governing rights of appeal in *habeas corpus* cases, and controlling state authorities while such appeals are pending, many vexatious questions will certainly arise. It must needs be most embarrassing for state courts to determine for themselves whether or not a federal question is presented in such a case in advance of a decision by the United States supreme court, whose judgment is always the controlling arbitrament in the matter. In this instance, however, little difficulty need be experienced. The allegations of the petition of Ebanks distinctly presented the proposition that he had been put upon trial under information, and not under indictment, and that for this reason his conviction and detention were in violation of the United States constitution. That this averment presented a federal question

there can be no doubt, and it is none the less a federal question because in former cases it had been decided contrary to his contention, for the proposition was distinctly treated and passed upon by the United States supreme court in *Hurtado v. California*, 110 U. S. 516, and in later cases, as a federal question. It being a federal question, the fact that it had been decided upon one man's appeal contrary to his contention does not debar another man from raising and presenting it as a federal question before the same tribunal in his own appeal. Where a federal question is presented, it is the appeal, and not the merit of the appeal, which operates as a stay. Thus, in our own state, an appeal from the judgment in capital cases operates to stay the execution until its determination. No matter how frivolous might be the proposition presented upon appeal, nor how many times it had been decided by the appellate tribunal contrary to this particular appellant's contention, no one would question but that his appeal operated to stay the judgment of execution.

Moreover, it appears that the district court, while denying Ebanks' application for a writ of *habeas corpus*, granted him leave to appeal. It is inconceivable that leave to appeal would have been granted if, in the view of that court, a federal question had not been presented. It was the equivalent of a declaration by the judge that he decided the federal question as he was bound to do, in consonance with the decision of his superior tribunal in the Hurtado case, but that, notwithstanding, since this federal question had been presented to him, the applicant had the right still further to present it in his own case and on his own behalf to the supreme court of the United States, regardless of its decisions upon the same question in the appeals of other men.

Having thus reached the conclusion that a federal question was presented upon the Ebanks petition to the district court, his appeal to the supreme court of the United States unquestionably operated as a stay (*In re Jugiro*, 140 U. S. 291), and the acting warden was not in contempt of the authority of the state courts in deferring the execution.

Wherefore, let the prisoner be discharged.

Beatty, C. J., Harrison, J., McFarland, J., and Temple, J., concurred.

GAROUTTE, J., concurring.—The petitioner, Edgar, acting warden of the state prison, asks to be discharged upon *habeas corpus*. He has been adjudged guilty of a contempt of the superior court of San Diego county in not carrying out an order of that court directing the execution of one Ebanks, and is now restrained of his liberty. His defense to the alleged contempt is, that by virtue of certain proceedings had in the federal courts a stay of execution was created. These proceedings consisted in the presentation and filing of a petition for a writ of *habeas corpus* in behalf of Ebanks before the district court of the northern district of the state of California, a denial of the application for the writ by that court, and an appeal from said order of denial to the supreme court of the United States.

Do the proceedings in the federal courts result in a stay of the execution of the order of the state court commanding the warden to execute Ebanks? If such stay exists, it is by virtue of section 766 of the Revised Statutes of the United States, which it is claimed provides for a stay of proceedings pending an appeal from an order made by a district or circuit court refusing the issuance of a writ of *habeas corpus*. Conceding this statute has that effect in many cases, still I am not prepared to say that it has such effect in all cases; but, upon the contrary, I am clear that the appeal can only have such effect when the petition for the writ upon its face recites facts which invoke the jurisdiction of the federal court. In other words, the petition must show that the person is restrained of his liberty in violation of the constitution of the United States, or a law or treaty thereof. It is only in that class of cases that the federal court has jurisdiction, and in such cases only that the state court may be ousted of jurisdiction. The state court loses no jurisdiction until the federal court takes jurisdiction, and the federal court can take no jurisdiction by inference or presumption. Affirmative jurisdictional facts must appear upon the face of the petition, or a federal court is powerless to render any decree. It follows that an appeal taken from an order of a federal court refusing the issuance of a writ of *habeas corpus* based upon a petition, showing no federal question, does not stay the hand of the state court, and the execution of its judgment, notwithstanding such an appeal, may be enforced in all appropriate ways.

It is the law of the land that state courts have the exclusive power and right to deal with state questions. Congress has no power to obstruct the ordinary administration of the criminal laws of the state courts. Such an attempt would be a gross trespass upon the sovereign power of the states of this Union, and would be so recognized by all judicial tribunals. The states have given no such power to Congress; and any attempt upon its part to declare that "an appeal from an order of a federal court refusing the issuance of a writ of *habeas corpus*, regardless of the issues raised by the petition, stays the execution of the judgment of the state court," is unconstitutional and void. It necessarily follows that to support the validity of the section of the Revised Statutes heretofore quoted, and give it force and effect, the construction must be maintained that it only applies where the petition for the writ raises a federal question.

It is argued that this construction of the law casts upon the warden of the state prison the grave responsibility of determining when the petition for the writ discloses the presence or absence of a federal question. So be it. All executive officers must at their peril decide important questions. In every capital case, when the moment arrives for carrying out the judgment of the court the warden must assume the great responsibility of determining whether or not a stay of execution is in force and effect. By virtue of the provisions of section 1243 of the Penal Code a certificate of probable cause may be granted by a justice of this court in certain cases, which certificate has the effect, when filed, to stay the execution of the judgment. I am convinced that under this section a certificate of probable cause cannot issue upon an appeal from an order made after final judgment of conviction; and that a stay of the execution of such order could only be had by the issuance of a *supersedeas* from the appellate court. Yet this question of law and many others are matters which must be decided by the warden according to his lights whenever they face him, and the responsibility rests upon him of deciding them correctly.

Again, we have no conflict of jurisdiction in this case. It has been nowhere decided by a federal court that the petition of Ebanks for the writ disclosed a federal question. No federal court has yet decided that it has jurisdiction to hear and deter-

mine the matters raised by his petition. The question is still an open one, and, being open, this court is entirely free to deal with it and declare the law as it believes it to be. To be sure, the question is a delicate one, but this court neither can nor should evade it for that reason. If there is a stay of the superior court's order fixing the day for the execution of Ebanks, such stay exists by reason of the appeal from the order of the federal court denying the application for his writ. That appeal stays the order of the superior court if the petition forming the basis of that order presents a federal question. Hence, the vital issue, and the only issue, before this court is, Was there such federal question presented to that court? This court is now passing upon the present status of the jurisdiction of a superior court of the state as to a particular cause. The question of jurisdiction is squarely presented, and must be met and decided regardless of the particular matters of law or fact which are necessary to be considered in its determination.

The petition for the writ of *habeas corpus* discloses that the petitioner, Ebanks, was tried and convicted upon a charge of murder not set forth by indictment of a grand jury, but by an information of the district attorney. It is now insisted that such a procedure does not constitute due process of law. The issue raised by this contention presents a question for the decision of the federal courts, and these courts have so recognized it in the past. *Hurtado v. California*, 110 U. S. 516, exhaustively discusses the merits of the contention, and holds against the present claims of Ebanks. But, nevertheless, a federal question is presented, and the fact that, judging by the past, it surely will be decided by the supreme court of the United States against him, in no way precludes the issue of its federal character. The Hurtado case has since been followed in *McNulty v. California*, 149 U. S. 648, and also in the recent case of Durrant. The petition for the writ in the Durrant case is laid upon the same lines as that in the present case, in all substantial matters; and, if the Durrant petition had stated no federal question, the appeal from the order refusing the writ of *habeas corpus* would have been dismissed by the supreme court of the United States. Yet such action was not taken, but, on the contrary, the appeal

was heard and decided upon the merits, the court thereby recognizing the presence of a federal question before it.

There is no other federal question raised by the Ebanks petition, save the one to which allusion has here been made. Indeed, in the ordinary trial of a defendant charged with murder based upon an information by the district attorney, it is not apparent that any other federal question could be raised. Hence, it appears that the legal difficulties and delays which have arisen in the Ebanks case by reason of the *habeas corpus* proceedings inaugurated before the federal courts may be largely avoided in future cases by proceeding against defendants charged with the crime of murder upon indictment by the grand jury, rather than by information filed by the district attorney. If such course is adopted by prosecuting officers, I do not believe the present unfortunate condition as to the judgments of state courts in capital cases will ever be repeated.

By reason of the foregoing views I agree with the other members of the court in holding that the acting warden, Edgar, should be discharged from custody.