### In re. EBANKS.

(District Court, N. D. California. December 2, 1897.)

No. 11,400.

**1. HABEAS CORPUS—APPEAL.**
Under Rev. St. § 766, providing that, pending an appeal in habeas corpus proceedings, any order or proceeding against a person restrained of his liberty under state authority shall be void, an order of the state court directing the infliction of the death penalty, pending an appeal from an order of the district court denying a writ of habeas corpus, is invalid.

**2. SAME—JURISDICTION.**
The district court has the power in habeas corpus proceedings to make any order necessary to protect a person brought before it from proceedings and orders of a state court which are beyond its jurisdiction.

**3. COURTS—STAY OF PROCEEDINGS.**
A writ of habeas corpus issued from a federal court to protect a person against invalid proceedings of a state court will not be continued in force after such proceedings have been stayed by an order of the state supreme court.

Joseph Jephet Ebanks was convicted of murder, and sentenced to death, and his application to the United States district court for a writ of habeas corpus was denied, whereupon he appealed to the United States supreme court. Pending such appeal, the state court ordered that its sentence be carried out, and Ebanks brings this proceeding upon a writ of habeas corpus. Prior to the hearing herein, the state supreme court made an order staying the proceedings of the state court.

Eugene N. Deuprey and Louis P. Boardman, for petitioner.

Henry E. Carter, for Warden of State Prison at San Quentin, California.

DE HAVEN, District Judge. It appears that prior to October 8, 1897, the petitioner herein was convicted in the superior court of the county of San Diego, Cal., of the crime of murder, and thereupon adjudged by said court to suffer the penalty of death. On the said 8th day of October, application was made by the petitioner to this court for a writ of habeas corpus; and in the petition therefor it was alleged, among other things, that the said judgment of conviction was not based upon any indictment charging the petitioner with the commission of the crime of which he was thereby adjudged to have been

guilty, but that he had been proceeded against by information, made and filed by the district attorney of the county of San Diego, Cal., charging him with the commission of the said crime of murder; and it was claimed by the petitioner that for this, among other reasons, his trial for said alleged crime and the said judgment of conviction were in violation of the fourteenth amendment to the constitution of the United States. The application for the writ of habeas corpus was denied by this court, and thereupon, upon said date, the petitioner duly perfected an appeal from such decision to the supreme court of the United States. That appeal is still pending, and is to be heard by said court on the 6th of the present month.

The application for the writ of habeas corpus filed in this court on October 8, 1897, presented a federal question, namely, whether, under the constitution of the United States, the petitioner could lawfully be put upon his trial for a capital crime, in the absence of an indictment by a grand jury charging him with such crime; and, upon the filing of such application, this court was called upon, in the exercise of its jurisdiction, to render such decision thereon as it deemed proper in the premises; and, the judgment so rendered by the court being in effect one denying the petitioner the relief claimed by him, he duly perfected an appeal from such judgment to the supreme court of the United States. The effect of this appeal stayed all further proceedings in the state court for the execution of the judgment, the validity of which had been drawn in question by the petitioner's application for a writ of habeas corpus. That such was the effect of the appeal referred to is plainly declared by section 766 of the Revised Statutes of the United States, in the following language:

"Pending the proceedings or appeal in the cases mentioned in the three preceding sections, and until final judgment therein, and after final judgment of discharge, any proceedings against the person so imprisoned or confined or restrained of his liberty, in any state court, or by or under the authority of any state, for any matter so heard and determined, or in process of being heard and determined, under such writ of habeas corpus, shall be deemed null and void."

And, in construing this section, the supreme court of the United States, in Re Shibuya Jugiro, 140 U. S. 295, 11 Sup. Ct. 772, said:

"Of the object of the statute there can be no doubt. It was, in cases where the applicant was held in custody under the authority of a state court or by the authority of a state, to stay the hands of such court or state while the question as to whether his detention was in violation of the constitution, laws, or treaties of the United States was being examined by the courts of the Union having jurisdiction in the premises. But the jurisdiction of the state court in the cases specified is restrained only pending the proceedings in the courts of the United States, and until final judgment therein."

See, also, the late case of Craemer v. State (decided October 25, 1897) 18 Sup. Ct. 1, in which the supreme court of the United States again announced the same rule as to the effect of an appeal to that court from the judgment of a United States circuit or district court, in habeas corpus proceedings; and this, without regard to the merits of such appeal, the court saying:

"Such being the law, it has happened in numerous instances that applications for the writ have been made and appeals taken from refusals to grant

it, quite destitute of meritorious grounds, and operating only to delay the administration of justice."

The supreme court of this state, in the recent cases of People v. Durrant, 50 Pac. 1070, and In re Edgar, 51 Pac. 29, has given substantially the same construction to the section of the United States Revised Statutes above quoted.

Notwithstanding the pendency of the petitioner's appeal, the superior court of the county of San Diego, on the 5th day of November of the present year, made an order directing the sheriff of that county to deliver the petitioner to W. E. Hale, warden of the state prison at San Quentin, and directing the said warden to carry into execution the said judgment convicting the petitioner of murder, by inflicting upon him, on the 3d day of December, 1897, and within the walls of said prison, the penalty of death. The validity of this last order only is assailed by the present proceeding, in which the petitioner seeks, by habeas corpus, to be discharged from the imprisonment and other punishment directed by such order. The writ having been issued as prayed for, the petitioner is now before the court, and held under the protection of said writ; and I proceed to consider the question presented by the foregoing facts.

As already stated, the effect of petitioner's appeal from the decision of this court upon his former application for a writ of habeas corpus was to stay all proceedings in the state court upon the judgment theretofore rendered by it, until the matter involved in that appeal was disposed of by the final judgment of the supreme court of the United States; and it necessarily follows therefrom that the order of the superior court of the county of San Diego, directing the execution of the petitioner while said appeal was still pending in the supreme court of the United States, was given without jurisdiction, and is absolutely void, and, if carried into effect, would deprive the petitioner of the right to have the judgment of this court in the matter of his former petition for a writ of habeas corpus reviewed by the supreme court of the United States,—a right which is guarantied to him by the laws of the United States. The order directing the execution of the petitioner on the 3d instant having been made without jurisdiction, and therefore void, this court properly issued its writ of habeas corpus in this case, for the purpose of bringing the petitioner into the custody of the court, so that it might, in the exercise of its undoubted jurisdiction, in proceedings under the writ, fully protect him against the execution of such illegal order. The court would be authorized in its discretion to continue to hold the petitioner under the protection of its writ, and for this purpose might remand him to the custody of the warden of the state prison, to be safely kept by such warden until the further order of this court, or might remand him to such custody, with directions to safely keep and again produce the body of the petitioner before the court at some future day. In short, the jurisdiction of this court in proceedings under the writ of habeas corpus is as broad as that exercised by the court of king's bench at common law, in relation to which it is said in Bac. Abr. "Habeas Corpus," B, par. 13:

"Also, it hath been ruled that the court of king's bench may, after the return of the habeas corpus is filed, remand the prisoner to the same gaol from whence he came, and order him to be brought up from time to time, till they shall have determined whether it is proper to bail, discharge, or remand him absolutely."

The effect of an order remanding a petitioner to the custody whence he was taken, with instructions that he be again produced before the court, is thus stated by Mr. Justice Nelson, in Re Kaine, 14 How. 134:

"The efficacy of the original commitment is superseded by this writ while the proceedings under it are pending, and the safe-keeping of the prisoner is entirely under the authority and direction of the court issuing it, or to which the return is made."

See, also, Barth v. Clise, 12 Wall. 401.

It thus appears clear that this court has ample authority to protect the petitioner from illegal execution, under the order of the superior court of San Diego, before referred to; but, in view of the facts appearing before the court at this time, it is not deemed necessary to make any further order for the safety of the petitioner.

It is admitted by the attorney for the petitioner that, since the issuance of the writ of habeas corpus herein, the supreme court of this state, which, equally with this court, is charged with the duty of guarding and protecting all rights secured to the citizen by the constitution of the United States, has made an order staying for the present all proceedings under the order of the superior court of the county of San Diego, directing the execution of the petitioner on the 3d instant. This, in effect, operates to nullify the order under which the petitioner's life was put in jeopardy, and secures to him all the protection which this court would, upon the facts alleged in the petition, be authorized to give in the present proceeding. The petitioner is not entitled to be restored to his liberty, and the action of the supreme court of the state just referred to makes it unnecessary for this court to make any further order in the premises, or longer continue in force the writ of habeas corpus under which the petitioner has been brought before the court. The writ will be discharged, and petitioner remanded to the custody whence he came.