[L. A. No. 24621.   In Bank.   Nov. 22, 1957.]

VIRGINIA BAKER ADAMS, Petitioner, v. SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent; HELEN JORDAN BAKER, Real Party in Interest.

B. H. Findlay, Stuart S. Hillman and George I. Devor for Petitioner.

No appearance for Respondent.

John Lewis King and Stanley Mussell, Jr., for Real Party in Interest.

SHENK, J.—This is an application for a writ of mandate to compel the respondent superior court, in a proceeding to revoke the probate of the will of Herman R. Baker, to permit the contestant to inspect certain "day books" or diaries kept by the testator. An alternative writ was issued.

The testator, during his lifetime, was engaged in the practice of dentistry in Upland, California. From 1952 until his death in 1955 he kept so-called day books or diaries. Entries were made in those books by the testator and by his assistants. The contestant, the petitioner herein, sought an order from the respondent court to require the executrix to produce those books for inspection to assist in the determination of the decedent's testamentary capacity.

An affidavit was executed on behalf of the executrix by Alberta Burge, a former assistant of the decedent, who made entries in the books in 1955. The affidavit stated that the day books contained entries in the hand of the decedent, but that the entries " . . . are substantially in the handwriting of others or herself." It further stated that " . . . many entries are privileged communications, inseparably interwoven with the names of patients in that they indicate treatment. That under the circumstances the entire appointment book or books are confidential and privileged."

The superior court made the following order: "Motion for inspection of the dental appointment books will be granted to the extent that Contestant may examine any entries in the appointment books for 1953 and 1954 made by Herman R. Baker himself.

"If more practical, the Executrix may, in lieu of the above, supply Contestant with photostatic copies of such pages as have any such entries thereon, after blocking out other entries and the Executrix may also block out names of any patients used, provided that initials or fictitious names be substituted for each such patient preserving thereby the identity of each such patient." The validity of the foregoing order insofar

as it grants inspection for the years 1953 and 1954 is not here involved.

It will be observed that the petitioner was denied access to the day books for the years 1952 and 1955 and that it was left to the executrix to select and copy the entries made by the decedent. The will was executed in November of 1953. The entries embraced in the order therefore relate only to the year of the execution of the will and the year following.

The petitioner proceeded under Code of Civil Procedure, section 1000.[1] That section provides in its pertinent part: "Any court in which an action is pending, or a judge thereof may, upon notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy, of entries of accounts in any book, or of any document or paper in his possession, or under his control, containing evidence relating to the merits of the action, or the defense therein." The petitioner contends that if she is not permitted to inspect the books, and there is an adverse judgment in the trial court, the refusal to permit her to inspect all of the books will be raised by her on appeal and a reversal of the judgment based on the erroneous order would require her to incur the delay and expense of another trial. She contends that such a result would be inconsistent with the holdings of this court in *Union Trust Co.* v. *Superior Court*, 11 Cal.2d 449 [81 P.2d 150, 118 A.L.R. 259], and *McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386 [159 P.2d 944].

The trial court exercises judicial discretion in acting upon a motion to require the production of books, documents, or papers for inspection by an adverse party. (*Union Trust Co.* v. *Superior Court, supra,* 11 Cal.2d 449; *Construction Products Corp.* v. *Superior Court*, 103 Cal.App.2d 403 [229 P.2d 399]; *McKinley* v. *Southern Pac. Co.*, 80 Cal.App.2d 301 [181 P.2d 899].) An order permitting inspection is not appealable. (*Holm* v. *Superior Court*, 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722]; *Collins* v. *Corse*, 8 Cal.2d 123 [64 P.2d 137].) Mandamus has been held applicable to redress abuses of discretion in ordering the production of records for inspection (*Shell Oil Co.* v. *Superior Court*, 109 Cal.App. 75 [292 P. 531]), and in denying an application for inspection. (*Dowell* v. *Superior Court*, 47 Cal.2d 483 [304 P.2d 1009].) In such cases, the inquiry is whether the

[1] Repealed, Stats. 1957, and superseded by section 2031 of the Code of Civil Procedure, effective January 1, 1958.

order constituted an abuse of discretion. (*Dowell* v. *Superior Court, supra,* 47 Cal.2d 483; *Construction Products Corp.* v. *Superior Court, supra,* 103 Cal.App.2d 403; *Shell Oil Co.* v. *Superior Court, supra,* 109 Cal.App. 75.)

In *Union Trust Co.* v. *Superior Court, supra,* 11 Cal.2d 449, this court stated at page 454, that to support an order for the inspection of books or records, " . . . two separate, indispensable requirements must be made to appear: (1) that the books, or the paper, or the document that is sought to be inspected contains evidence that is material to an issue which is involved in the action or the proceeding with relation to which the order is proposed to be made; and (2) that the order by which such inspection may be authorized be so specific in its terms with reference to its designation or description of such book, paper, or document that it may be readily identified." Unlike the taking of a deposition, an order requiring the production of books, papers, or records is subject to the limitation that the inspection sought must not be so broad as to infringe upon the constitutional immunity against unlawful search and seizure. (*McClatchy Newspapers* v. *Superior Court, supra,* 26 Cal.2d 386, 396.)

The present case necessitates an examination of those requirements to determine whether the order here challenged will be allowed to stand.

The affidavit in support of the motion for inspection states: "Affiant is of the opinion that an examination of said appointment books is vitally necessary in the proof of the contestant's case to determine the competency or incompetency of said decedent to execute a will on or about November 9, 1953, in that said appointment books will determine whether or not said decedent regularly practiced his profession in the years involved and it will determine whether the persons who received treatment received proper and adequate treatment and whether said decedent was mentally capable of practicing his profession during said period of time."

If the sole purpose of the inspection were to determine the regularity of the decedent's practice, the affidavit would not meet the first requirement stated in the Union Trust case for the reason that the "regular" pursuit of a profession is not material to the determination of testamentary incapacity. The affiant also states that an inspection will determine whether the decedent administered proper and adequate treatment to his patients and whether he was mentally capable of

practicing his profession at that time. ■ The court reiterated the elements of testamentary capacity in *Estate of Smith*, 200 Cal. 152 where it was said at page 158 [252 P. 325] : "A testator is of sound and disposing mind and memory if, at the time of making his will, he has sufficient mental capacity to be able to understand the nature of the act he is doing, and to understand and recollect the nature and situation of his property and to remember, and understand his relations to, the persons who have claims upon his bounty and whose interests are affected by the provisions of the instrument." The contestant has failed to make a sufficient showing that the evidence sought is either material or relevant to the proof necessary to entitle her to the relief sought.

■ The books are not sought for the purpose of showing that in any particular case the decedent rendered inadequate professional service. The contestant seeks to explore the day books for the purpose of extracting therefrom instances in which the decedent so fell below the standards of professional competence in the treatment of his patients that it could be inferred that he lacked testamentary capacity. It is not averred that the testator at any time failed to render adequate treatment to any patient in his care. Moreover, even if the contestant were successful in demonstrating the decedent's professional incompetence, it would not follow that the testator lacked the capacity to execute a valid will at the time it was executed. (*Rollins* v. *Smith*, 72 Cal.App. 773 [238 P. 171].)

The search which the petitioner proposes to make is analogous to that disapproved in *Shell Oil Co.* v. *Superior Court*, *supra*, 109 Cal.App. 75, where the plaintiff, in an action to recover damages for the breach of covenants in an oil and gas lease, moved for an order requiring the production of numerous records from the defendant Shell Oil Company. It was averred by the plaintiff that the records would "tend to prove" his case and would show "whether or not" his allegations were well founded. The District Court of Appeal there issued a writ of mandate to restrain the respondent court from ordering the wholesale production of records by the defendant on the ground that such order would constitute an unlawful search and seizure. The court emphasized that the affiant sought the records not because they were known by him to contain evidence material to the proof of his case, but in the hope that an inspection would yield evidence to support his claims.

As stated in *Austin* v. *Turrentine*, 30 Cal.App.2d 750, at page 761 [87 P.2d 72, 88 P.2d 178] : "Nor will a mere suspicion that they [books or papers] contain material evidence warrant an order for their production. The court has no power to order the production of books or papers by one party to be used as evidence for the other party without an affirmative and substantial showing by affidavit or otherwise that they contain evidence material to the cause of action or defense of the party requiring them."

The necessity of showing that books or records contain material evidence as a foundation for an order for inspection was stated in *McClatchy Newspapers* v. *Superior Court, supra,* 26 Cal.2d 386, which arose out of an action for damages for an alleged libel. This court denied the petitioner's application for a writ of mandate to require the plaintiff to produce records from which the defendant sought facts to show the truth of the publication. It was there said at page 398: "It may be admitted that . . . some of the records and documents would probably show those ultimate facts, but it cannot be said that they must necessarily show such facts or any of them, nor can it be said, on the basis of defendant's affidavit, that their relevancy and materiality clearly appear. Although it would be unjust to permit plaintiff to recover for an alleged libel by suppressing or withholding evidence which is material or vital to the action, defendant must first show the materiality of the desired evidence and cannot obtain permission to search through all of plaintiff's papers and records merely in the hope or expectation that the investigation will disclose favorable information." This court concluded that by an examination of the plaintiff on deposition the identity and contents of those papers and their materiality and relevancy could be determined so that an affidavit could be framed sufficient to obtain an order for inspection. (See also *Funkenstein* v. *Superior Court,* 23 Cal.App. 663, 667 [139 P. 101]; Harkelroad, *The Law of Discovery in the Courts of California,* 4 So.Cal.L.Rev. (1931) 169, 181, 186, 187.)

The contestant contends that the Union Trust case, *supra,* 11 Cal.2d 449, requires that the rules regulating the inspection of writings be liberally construed to permit full inspection. What was said in the McClatchy case as to the same contention has equal force here. It was there said at pages 396, 397 [26 Cal.2d]: "Petitioner contends that under the decision in *Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449 [81 P.2d 150, 118 A.L.R. 259], these rules must be

liberally applied and that it has met the requirements there imposed. In that case after an exhaustive examination of the history and development of discovery, the court stated that 'the trend of judicial decisions is to relax the rules which relate to the taking of evidence by ancillary proceedings, of which the inspection of documents is one method, to the end that the trial of actions may be expedited and justice be more efficaciously and speedily administered.' (11 Cal.2d at p. 462.) The relaxation of the rule, however, does not mean an abolition of the requirements that the papers be identified and that they be shown to be relevant and material."

It appears from a review of the record and the foregoing authorities that the contestant's affidavit was insufficient to require production of the books for 1952 and 1955. There was therefore no abuse of discretion in denying the inspection of the books for those years.

The alternative writ is discharged and the peremptory writ is denied.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.