[Civ. No. 6649. Fourth Dist. Jan. 24, 1961.]

LEWIS E. FARNHAM et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; N.M.G., INC. (a Corporation), Real Party in Interest.

James C. Webb for Petitioners.

No appearance for Respondent.

Rowland M. Butler for Real Party in Interest.

GRIFFIN, P. J.—Petitioners Lewis E. and Mildred A. Farnham and their attorney, James C. Webb, seek a writ of prohibition to enjoin respondent court from further proceedings upon an order to show cause *in re* contempt against peti-

tioners. The Farnhams were plaintiffs, cross-defendants and appellants in a civil action, number 84883, against defendant and respondent Walker & Lee, Inc., and defendant and cross-complainant N.M.G., Inc., a corporation, in the Superior Court of Orange County.

It appears that in that action defendant and cross-complainant, N.M.G., Inc., gave notice to petitioners that on October 28, 1960, it would move for an order requiring plaintiffs to admit or deny the genuineness and due execution of certain documents listed in a request for admissions pursuant to Code of Civil Procedure, section 2033, claimed to have been served on James C. Webb, their counsel, on September 9, 1960, by mail, and for an order compelling plaintiffs to answer certain interrogatories. It also asked for reasonable attorney's fees in the sum of $100.

Attorney Webb filed an affidavit reciting that he did not receive the notice claimed to have been mailed on September 9, 1960, but first received knowledge of the request for admissions and interrogatories on October 17, 1960; that he immediately prepared, filed and served upon defendant's attorney his answer and reply thereto.

Apparently some hearing was had on October 28, 1960, resulting in the following minute order:

"84883 FARNHAM vs. WALKER & LEE, INC. 'Motion for order, re: documents and for order compelling plaintiffs to answer interrogatories. Plaintiff represented by counsel, J. C. Webb. Defendant represented by counsel, Rowland Butler. Affidavit ordered filed. Motion granted. Counsel directed to file amended answer to Interrogatory #19. Sanction of $100.00 attorney fees ordered to be paid to counsel for defendant within a period of ten (10) days from this date.' ENT. 11-9-60 es"

On November 24, 1960, plaintiffs filed a notice of appeal from this order.

On December 5, 1960, upon application of defendant N.M.G., Inc., and the filing of a supporting affidavit of counsel for cross-complainant in which he stated that he had served Attorney Webb with the interrogatory and request for admission and that neither of petitioners submitted to counsel their answer to interrogatory number 19 as directed by the court and that neither of them paid to that counsel a sanction of $100 as required by the minute order, the trial court issued its order commanding petitioners to appear in court on a day certain to show cause why they should not be adjudged in con-

tempt of court for failure to answer interrogatory number 19 and for failure to pay counsel for N.M.G., Inc., a sanction of $100 as required by the minute order above quoted.

This petition for a writ of prohibition followed. A hearing was had in this court and the matter was submitted for decision on this record. As will be noted, the minute order does not specify which of petitioners was obligated to pay the sanction of $100. The affidavit supporting the order to show cause does not state that plaintiffs or their attorney in the action ever had knowledge of this order. The record does not indicate that plaintiffs' attorney appealed from this order.

██ Code of Civil Procedure section 2034, subdivision (a), provides that upon refusal of a party to admit or deny the truth of any matters of fact, after service with request under Code of Civil Procedure, section 2033, the party serving such request may apply for an order requiring further answers, and if the motion is granted and the court *finds* that the refusal was without substantial justification, the court may require the refusing party or attorney advising the refusal, or either of them, to pay reasonable expenses incurred, including reasonable attorney's fees. There was no specific finding in the instant order that there was a refusal, without substantial justification, on behalf of the plaintiffs or their attorney to answer the question here involved, and accordingly no foundation was laid for the imposition of a sanction for attorney's fees in the sum of $100. ██ Out of the numerous questions that were answered by plaintiffs, question number 19 was: "Have you, prior to the filing of the above entitled action, carried out the provisions of your purchase agreement of October 20, 1958 and of your modification agreement of October 20, 1958 and of your agreement of June 4, 1959, on your part to be performed?"

Plaintiffs gave the following answer: "Objection is made to the form of the question in that said question is ambiguous, unintelligible and uncertain, and is compound and the meaning of the pleader is not clear. Plaintiffs answer that they did do and perform the terms and conditions of their agreement to purchase the subject real property at all times mentioned in Plaintiffs' Complaint herein except as Plaintiffs were or had been prevented therefrom by the failure and refusal of the Defendants to do and perform those things incumbent upon said Defendants to do and perform."

It well appears that the question propounded was compound and it called for a legal conclusion of the plaintiffs.

The question related to an ultimate fact to be determined by the court and the objection thereto was proper. (*Singer* v. *Superior Court,* 54 Cal.2d 318, 326-327 [9] [5 Cal.Rptr. 697, 353 P.2d 305].) From the answer given, it could not be held that the court could reasonably *find* that plaintiffs' answer to the question constituted a refusal to answer without substantial justification. The answer given was not an unreasonable answer to the question as propounded.

 The portion of the minute order directing defendants to answer this interrogatory does not appear to be an appealable order. (*Pettie* v. *Superior Court,* 178 Cal.App.2d 680 [3 Cal.Rptr. 267] ; *Adams* v. *Superior Court,* 49 Cal.2d 427 [317 P.2d 983] ; *Dowell* v. *Superior Court,* 47 Cal.2d 483 [304 P.2d 1009].) Whether that portion of the order levying a sanction of $100 attorney's fees payable by some undescribed person is an appealable order may be open to question. In *Gideon* v. *Superior Court,* 141 Cal.App.2d 640 [297 P.2d 84], it is said : ''Inasmuch as the order specified in the affidavit did not direct that petitioner do anything, the petitioner could not, by failing to act, be in contempt of it. The affidavit, therefore, was wholly insufficient to clothe the respondent court with jurisdiction to adjudge petitioner in contempt.''

Whether this order imposing a sanction was made in furtherance of the discovery proceedings or was a final disposition of a wholly severable and collateral issue and constituted a final judgment from which an appeal may be taken has not been decided in any case brought to our attention. Illustrative cases that may indicate that this is a final judgment are : *City of Los Angeles* v. *Los Angeles City Water Co.,* 134 Cal. 121 [66 P. 198] (order requiring petitioner to compensate a receiver) and *Lincoln* v. *Superior Court,* 22 Cal.2d 304 [139 P.2d 13] (order awarding support and attorney's fees pending trial of divorce action) ; 2 Stanbury, California Trial and Appellate Practice 116.

As to the claimed failure of plaintiffs to answer the questions, it appears that the answers given were made by the plaintiffs themselves. There is no showing or finding that counsel for plaintiffs advised plaintiffs to disobey the order in respect to any answers given or refused.

Since the minute order, upon which the order to show cause re contempt is so indefinite and otherwise defective, no point would be served in determining whether it could be classified as an appealable order. Under the showing made, any threatened order of contempt of all these petitioners, based on that

minute order and affidavit filed in the proceedings, would be unauthorized and beyond the jurisdiction of the court. ▮ In *Warner* v. *Superior Court,* 126 Cal.App.2d 821 [273 P.2d 89] and *Freeman* v. *Superior Court,* 44 Cal.2d 533 [282 P.2d 857], it was held that in contempt proceedings the affidavit must state the facts necessary to establish jurisdiction, showing clearly and fairly the particular accusation against the respondent. These are (1) the making of the order; (2) notice or knowledge of the order; (3) ability of the respondent to render compliance; and (4) willful disobedience of the order. ▮ No intendments or presumptions can be indulged in aid of the sufficiency of contempt proceedings. Measured by these standards, the record before us is deficient in the respects indicated.

▮ We conclude that under the showing made, the trial court is without jurisdiction to punish these petitioners for contempt upon the showing made and the trial court should be prohibited from proceeding further with the contempt proceedings under the order involved. (*Ex parte Brown,* 97 Cal. 83 [31 P. 840]; *Ex parte Edgar,* 119 Cal. 123 [51 P. 29]; *Ex parte Hoar,* 146 Cal. 132 [79 P. 853]; 12 Cal.Jur.2d, § 83, p. 108, and cases cited.)

Writ granted.

Shepard, J., and Coughlin, J., concurred.