[Civ. No. 26850. Second Dist., Div. One. July 22, 1963.]

SELENE WALTERS HUENERGARDT, Plaintiff and Appellant, v. ALFRED G. HUENERGARDT, Defendant and Respondent.

Gold, Sturman & Gold and J. Howard Sturman for Plaintiff and Appellant.

Reed E. Callister for Defendant and Respondent.

WOOD, P. J.—Plaintiff appeals from an order (1) denying her motion for an order compelling defendant to answer certain questions which were asked during the taking of his deposition, and (2) requiring her attorney to pay $100 to defendant as attorney's fees incurred in opposing the motion.

In 1949 plaintiff (wife) was awarded custody of the minor daughter of the parties in a final judgment of divorce. In June 1961 defendant (husband) obtained an order requiring plaintiff to show cause why custody of the daughter should not be awarded to him. On December 15, 1961, while plaintiff was taking the deposition of defendant, the attorney for defendant objected to certain questions upon the ground that they called for confidential communications between attorney and client, and he objected to other questions upon the ground that the information sought was immaterial and not within the issues. On advice of his attorney, defendant refused to answer the questions.

On May 16, 1962, plaintiff filed a notice of motion, under section 2034 of the Code of Civil Procedure, for an order requiring defendant to answer those questions. The notice of motion stated that the motion would be made upon the ground

that the questions were "relevant to the issues herein and relate to non-privileged matter, and answers should be required, and that the refusal to answer such questions was without substantial justification." It stated further that the motion would be based upon the notice, the pleadings and records and files of the action, the declaration of plaintiff's attorney attached thereto, and the reporter's transcript of the proceedings upon the taking of the deposition.

In his declaration attached to the notice plaintiff's attorney stated as follows: In this action a final decree of divorce was awarded to plaintiff in 1949, and pursuant to orders of the court she had retained custody of their daughter, who is now 13 years of age. An order to show cause, dated June 1, 1961, was pending whereby defendant sought to obtain custody of the daughter. The pleadings and papers on file in the action are incorporated in the declaration by reference. Pursuant to a notice under section 2019 of the Code of Civil Procedure, the deposition of defendant was taken on December 15, 1961, before a notary public. On the taking of the deposition, the deponent refused to answer certain questions as appears in the deposition which will be filed at least five days before the hearing. The contents of the deposition are incorporated by reference in the declaration. A list of the questions which defendant refused to answer is annexed to the declaration, marked Exhibit A. Such questions were material and relevant to the issues therein and did not seek to elicit privileged matter, and answers thereto should be required. Said refusals were, and each of them was, without substantial justification. As a result of the refusal to answer the questions plaintiff necessarily has incurred attorney's fees in the amount of $250 for examining the deposition, and preparing the notice of motion and making appearances thereon.

Exhibit A (attached to the declaration) comprises four excerpts from the deposition, showing the questions, objections, and some discussion relative thereto, and citing the pages and lines of the deposition on which the excerpts appear.

One of the questions, objected to on the ground of confidential communication, was in substance: What are the names of the men Mr. Mercola mentioned to you on that occasion as the men with whom plaintiff associated?

Another question, so objected to, was: "Did Mr. Mercola tell you anything about John Daly?"

A question, objected to on the ground of immateriality, was in substance: You sent the November check for child support

directly to plaintiff, instead of sending it to her attorney, did you not?

Another question, so objected to, was in substance: You did not know that plaintiff, even if she had received the communication (letter addressed to child in care of American Express in Paris), would have taken serious and bitter exception to that procedure?

There is no reporter's transcript on appeal relative to the oral proceedings at the hearing on the motion to require defendant to answer the questions. A memorandum opinion of the trial judge, shown in the clerk's transcript, states in substance, among other things, that the burden of showing good cause for making an order requiring answers in the taking of such a deposition is upon the party seeking the order; that plaintiff herein has not made any effort to meet such burden —she has not made any attempt to show that the questions are relevant to the issues or are related to nonprivileged matter; that the deposition exceeds 140 pages; the questions shown in the exhibit attached to the notice of motion are quoted out of context; the attorney for plaintiff has not pointed out any circumstances calling for an order requiring defendant to answer any of the questions; that the record is devoid of any showing that defendant's refusal to answer was without substantial justification; that plaintiff's motion was made without substantial justification within the meaning of said section 2034, and the court so finds. It was stated further in said memorandum that it is ordered that the attorney for plaintiff who signed the notice of motion pay to defendant $100, which the court finds is the reasonable attorney's fee incurred by defendant in opposing plaintiff's motion; that said amount shall be paid within ten days from notice of said order and shall not be recoverable by plaintiff as costs.

Appellant states in her brief that defendant's motion for change of custody has been denied since this appeal was taken, and therefore she does not now seek to compel defendant to answer the questions; and that she seeks only a reversal of the order "holding that her motion was without substantial justification and imposing a $100 sanction on her attorney." It thus appears that since the custody proceeding has been terminated in favor of plaintiff, no useful purpose would be served in deciding whether defendant should now be compelled to answer the questions. ■ Furthermore, the order denying the motion to compel defendant to answer the questions is not appealable. In *Carlson* v. *Superior Court*, 56 Cal.2d

431, 435-436 [15 Cal.Rptr. 132, 364 P.2d 308], it was said: "An order denying a party utilization of a discovery proceeding is not directly appealable; and since review on appeal from such final order or judgment as may be made in the proceeding in which the discovery is sought would be an inadequate remedy, mandate is a necessary and proper method of obtaining relief [citation]." In *Southern Pac. Co.* v. *Oppenheimer,* 54 Cal.2d 784, 786 [8 Cal.Rptr. 657, 356 P.2d 441], it was said: "[I]t is firmly established that orders relating to inspection and discovery are not appealable."

The remaining question is whether the court was justified in imposing a sanction upon plaintiff's attorney. The order for such payment was not against the plaintiff, but was against her attorney only, to be paid within ten days and not to be recoverable by plaintiff as costs. It appears therefore that plaintiff was not aggrieved by the order which required her attorney to pay money to defendant. As above stated, the appeal herein was by the plaintiff. The question regarding the sanction imposed against plaintiff's attorney is not properly before this court upon plaintiff's appeal. It would seem that a proper procedure for reviewing such question would be by a petition for a prerogative writ. In *Filipoff* v. *Superior Court,* 56 Cal.2d 443, 453 [15 Cal.Rptr. 139, 364 P.2d 315], which was a proceeding in mandamus, an order imposing a sanction on an attorney was reviewed. In *Carlson* v. *Superior Court, supra,* the Supreme Court said at page 436: "[T]he proposition [referring to a certain argument] does not refute the basic tenet that mandamus is a proper procedure to compel respondent court to set aside an *improper* order."

In view of the above conclusions, the purported appeal by plaintiff from (1) the order denying her motion to require answers to the questions, and (2) from the order imposing a sanction on her attorney, should be dismissed.

As stated in *Farnham* v. *Superior Court,* 188 Cal.App.2d 451, 455 [10 Cal.Rptr. 615]: "Whether this order imposing a sanction was made in furtherance of the discovery proceedings or was a final disposition of a wholly severable and collateral issue and constituted a final judgment from which an appeal may be taken has not been decided in any case brought to our attention." It is not necessary to decide herein whether such order is appealable by the attorney—for the reason the attorney has not appealed.

It would seem that the trial court erred in ruling that the burden was on plaintiff to show that the question regarding Mr. Mercola did not relate to nonprivileged matter. In *San Diego Professional Assn.* v. *Superior Court,* 58 Cal.2d 194, 199 [23 Cal.Rptr. 384, 373 P.2d 448], it was said: ''The burden of establishing that a particular matter is privileged is on the party asserting that privilege.'' Irrespective of the burden of proof, the deposition shows, within a few pages preceding the question, that defendant testified that Mr. Mercola, an attorney, gave the names to him during a social visit when defendant had not hired Mr. Mercola. The court's memorandum states that the excerpt (showing the question) was out of context—it appears, however, that the other part of the context (which closely precedes the question) confirms plaintiff's assertion that the matter was nonprivileged.

As above indicated in discussing review procedure, the appeal herein should be dismissed.

The appeal is dismissed.

Fourt, J., and Lillie, J., concurred.