[No. B033490. Second Dist., Div. One. Feb. 21, 1989.]

C. M. SLEMAKER et al., Plaintiffs and Respondents, v.
JOHN WOOLLEY et al., Defendants and Appellants.

**COUNSEL**

Sanders, Barnet, Jacobson, Goldman & Mosk, Richard M. Mosk, Bernard P. Simons, Scott L. Zimmerman, Burkley, Moore, Greenberg & Lyman and Walter R. Burkley, Jr., for Defendants and Appellants.

Spierer, Woodward, Denis & Furstman and Stanley T. Denis, Jr., for Plaintiffs and Respondents.

**OPINION**

**ORTEGA, J.—**

### INTRODUCTION

This is a purported appeal from an order of the superior court imposing sanctions on counsel for improperly suspending the deposition of a witness. We hold that the order is not separately appealable and dismiss the appeal.

### FACTUAL AND PROCEDURAL HISTORY

On January 15, 1988, plaintiffs C. M. Slemaker and Roberta Slemaker served notice by telecopy to defendants' counsel of depositions of two witnesses. The depositions were both noticed for January 25, 1988. Defense counsel claimed that since Monday January 18 was a holiday (Martin Luther King, Jr.'s, birthday) he was unaware of the notice until January 19.

Mr. Zimmerman, representing defendants John Woolley and Joan Woolley, attempted to reschedule the depositions, claiming that one of the defendants wanted to be present but couldn't do so on such short notice. Mr. Denis, counsel for plaintiffs, refused to reschedule the depositions but later

cancelled the first of the two. Mr. Zimmerman appeared for the second one and immediately suspended it invoking Code of Civil Procedure section 2025, subdivision (n).[1] At this point the situation was overtaken by schoolyard protocol. Mr. Denis claims that Mr. Zimmerman threatened the court reporter and got her so upset she lost her train of thought. Mr. Zimmerman claims Mr. Denis accosted him out in the hallway and physically shoved him around causing him to leave without an exhibit he was waiting for. Not willing to resolve the discovery dispute between themselves like professionals, they each ran to an already overburdened superior court for relief.

After patiently listening to both counsel carry on, the trial court imposed $1,000 sanctions on Mr. Zimmerman's firm. And, predictably, here came the appeal. While both counsel have expended prodigious energy in preparing their briefs, neither addressed the threshold question of whether the order is appealable until invited to do so by this court.

## CONTENTIONS

Appellant contends: section 2025, subdivision (n) allows a party to suspend a deposition that is being taken in bad faith and seek a protective order; the notice of the deposition was defective and attempting to take the deposition nonetheless is bad faith; and even if that position is incorrect, sanctions should not have been imposed because counsel was acting in good faith under color of a statute.

## DISCUSSION

It is first necessary to determine whether the sanction herein was imposed under section 128.5 or section 2025. The former is appealable (*Rabbit* v. *Vincente* (1987) 195 Cal.App.3d 170, 173 [240 Cal.Rptr. 524]), while, as we shall explain below, the latter is not. The minute order issued by the court did not specify which section it relied upon. In its spoken comments, the court did not refer to a specific section. However, the reporter's transcript reveals that 2025 was the only section mentioned during the course of the hearing. The moving papers of counsel made repeated references to sections 128.5, 2023, and numerous subdivisions of 2025 including subdivision (n). Section 2025, subdivision (n) allows the suspension of an oral deposition under certain circumstances and the imposition of sanctions against counsel for improper use of the provision and is clearly applicable to the instant matter.

Section 128.5, subdivision (c) specifically requires that an order "shall be in writing and shall recite in detail the conduct or circumstances justifying

---

[1] All statutory references are to the Code of Civil Procedure, unless otherwise indicated.

the order." The only order presented to us is the minute order of February 18, 1988. It does not contain any of the recitations required by section 128.5. ■ " 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193], italics omitted.) As the court did not comply with the requirements of section 128.5, subdivision (c), we can conclude only that the court's order imposing sanctions was pursuant to section 2025, subdivision (n) for failure to make discovery.

In *Kibrej* v. *Fisher* (1983) 148 Cal.App.3d 1113 [196 Cal.Rptr. 454], a party appealed an order imposing sanctions for his failure to attend a deposition. The Court of Appeal dismissed the appeal stating, at pages 1115-1116: "A fundamental principle of appellate review is the rule that an appeal may be taken only from a final judgment in an action. This rule is codified in section 904.1 of the Code of Civil Procedure. The theory behind the rule is that piecemeal disposition and multiple appeals in a single action are oppressive and costly, and review of intermediate rulings should await the final disposition of the case. [Citation.] A recognized exception to this rule is the 'collateral order doctrine,' which permits an appeal from a final determination of a collateral matter which requires a party to immediately pay money or perform some other act. This doctrine was utilized in *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176], to allow an appeal from an order requiring payment of money as a sanction for failure to attend a mandatory settlement conference. *Wisniewski* was cited by the California Supreme Court in *Baug[u]ess* v. *Paine* (1978) 22 Cal.3d 626, 634 [150 Cal.Rptr. 461, 586 P.2d 942], footnote 3, in which an order imposing sanctions for attorney misconduct was held appealable as a final order on a collateral matter directing the payment of money. [¶] However, the Supreme Court expressed a different view as to the appealability of orders levying sanctions for failure to make discovery. In deciding that an extraordinary writ was a proper remedy to review such an order, the court stated: 'The better view is that an order made for the purposes of furthering discovery proceedings, or granting sanctions for refusal to make discovery, is not appealable [citations].' (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707].) Although the court did not find it necessary to decide the question of the order's appealability, their 'better view' was followed in *Munson* v. *Singer* (1965) 238 Cal.App.2d 697 [48 Cal.Rptr. 167], where an appeal was dismissed expressly because an order imposing sanctions for failure to appear at depositions was not appealable on its own. An appeal from a minute order imposing sanctions for refusal to answer questions during depositions was dismissed on the same basis in *Freidberg* v. *Freidberg* (1970) 9 Cal.App.3d 754, 764 [88 Cal.Rptr. 451]. [¶]

The appealable orders imposing sanctions in the *Baug[u]ess* and *Wisniewski* cases, *supra,* are distinguished from the nonappealable discovery-related sanctions which follow the *Lund* view, *supra,* 61 Cal.2d 698, in the more recent case of *People* ex rel. *Gow* v. *Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923, 937 [171 Cal.Rptr. 85], footnote 15 (revd. and remanded on other grounds (1981) 454 U.S. 90 [70 L.Ed.2d 262, 102 S.Ct. 172]). Thus, the order levying sanctions for noncompliance with discovery orders was nonappealable on its own, but was properly before that court for review since the final judgment in the case had been entered. [¶] The purported appeal before us also seeks review of an order imposing sanctions for refusal to make discovery. Plaintiff had but did not take the opportunity to seek review of the order by timely petition for extraordinary writ. However, he may seek review after final judgment has been entered in the cause."

The above cases all deal with sanctions imposed on a party. While we have found no cases that directly address the same issue with reference to discovery sanctions imposed on counsel currently representing a party, we note several cases which have touched on the subject. In *In re Marriage of Fuller* (1985) 163 Cal.App.3d 1070, 1072, footnote 1 [210 Cal.Rptr. 73], the trial court ordered $2,500 sanctions against a party and her attorney for failure to appear at a hearing, failure to render a proper accounting, failure to adequately and properly respond to a request for production of documents and failure to pay over rents and profits on real property as required by a prior order. The attorney was shortly thereafter relieved as counsel. At least some of the failures cited related to discovery matters. The court held that the order imposing sanctions was appealable. In *In re Marriage of Lemen* (1980) 113 Cal.App.3d 769 [170 Cal.Rptr. 642], discovery sanctions were imposed on a nonparty witness and his attorney. In handling the appeal, the court did not address the issue of appealability. In any event, those cases are distinguishable. Even though relief by way of writ is available, such an order against a party's former attorney or an attorney representing a nonparty witness can arguably be a final order as to that person. Such reasoning, however, does not apply to counsel currently representing a party in a case that is far from over, trial having been set April 3, 1989.

Three cases lend support by dicta to a holding that discovery sanctions levied against counsel are nonappealable. The court in *Corns* v. *Miller* (1986) 181 Cal.App.3d 195 [226 Cal.Rptr. 247], noted in footnote 1, at pages 197-198, the *Fuller* and *Lemen* cases and stated that it considered even those orders nonappealable. In *Huenergardt* v. *Huenergardt* (1963) 218 Cal.App.2d 455 [32 Cal.Rptr. 714], the court stated at page 459, "As above stated, the appeal herein was by the plaintiff. The question regarding the sanction imposed against plaintiff's attorney is not properly before this court upon plaintiff's appeal. It would seem that a proper procedure for

reviewing such question would be by a petition for a prerogative writ." The court cited *Carlson* v. *Superior Court* (1961) 56 Cal.2d 431 [15 Cal.Rptr. 132, 364 P.2d 308], for the proposition that mandamus is a proper procedure for attacking such an order. In *Thrasher* v. *Thrasher* (1972) 27 Cal.App.3d 23, 29-30 [103 Cal.Rptr. 618, 56 A.L.R.3d 204], sanctions had been imposed on appellants and their counsel. Citing *Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 708-709 [39 Cal.Rptr. 891, 394 P.2d 707], the court stated, "[i]t is doubtful that the order imposing sanctions is separately appealable," and then proceeded to treat counsel's appeal as a writ and affirm the imposition of sanctions.

Appellant cites several cases in support of his belief that the order is appealable. Of those cases, four involved nondiscovery sanctions imposed on counsel pursuant to section 128.5. (*Mungo* v. *UTA French Airlines* (1985) 166 Cal.App.3d 327, 332-333 [212 Cal.Rptr. 369]; *M.E. Gray Co.* v. *Gray* (1985) 163 Cal.App.3d 1025, 1031 [210 Cal.Rptr. 285]; *In re Marriage of Gumabao* (1984) 150 Cal.App.3d 572, 573-574 [198 Cal.Rptr. 90]; *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 645 [192 Cal.Rptr. 57].) In one case sanctions were imposed under the court's nonstatutory inherent power for attorney misconduct. (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942].) Discovery sanctions imposed on an attorney were held appealable in *Chong* v. *Fremont Indemnity Co.* (1988) 202 Cal.App.3d 1097, 1102 [249 Cal.Rptr. 264], but were under section 128.5. No case has been cited declaring appealable discovery sanctions pursuant to section 2025 imposed on an attorney currently representing a party.

■ We hold that an order imposing sanctions under section 2025 for failure to make discovery on an attorney currently representing a party in a pending matter is not a separately appealable final order. A contrary holding would defeat the purpose of section 904.1 and encourage multiple appeals in a single action. Discovery orders in a single lawsuit can be numerous and ongoing and provide limitless fodder for interim appeals. We feel the "better view" of *Lund* v. *Superior Court, supra,* 61 Cal.2d 698, serves the intent of section 904.1. We do not determine whether the same conclusion is to be reached with reference to a like order directed to a party's former attorney or to a nonparty's attorney.

The following language from the recent case of *Lossing* v. *Superior Court* (1989) 207 Cal.App.3d 635, 641 [255 Cal.Rptr. 18], eloquently describes this court's view of the conduct by counsel in this case and explains why we decline appellant's invitation to treat the matter as a writ: "We conclude by reminding members of the Bar that their responsibilities as officers of the court include professional courtesy to the court and to opposing counsel. All too often today we see signs that the practice of law is becoming more

like a business and less like a profession. We decry any such change, but the profession itself must chart its own course. The legal profession has already suffered a loss of stature and of public respect. This is more easily understood when the public perspective of the profession is shaped by cases such as this where lawyers await the slightest provocation to turn upon each other. Lawyers and judges should work to improve and enhance the rule of law, not allow a return to the law of the jungle."

## DISPOSITION

The appeal is dismissed.

Spencer, P. J., and Devich, J., concurred.