UNITED STATES of America, Appellee,

v.

John L. MARTHALER, Appellant.

No. 77–2917.

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1978.

Rehearing Denied March 27, 1978.

John L. Marthaler, in pro. per.

Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

PER CURIAM:

John L. Marthaler appeals from a contempt conviction under Fed.R.Crim.P. 42(b) following his conduct in court as a purported attorney for Dr. and Mrs. Brodie in two civil tax cases.

The judgment of criminal contempt was based upon his violation of 18 U.S.C. § 401(3) and Rule 9(b) of the local rules of the Eastern District of California. He was fined $300.

On appeal Marthaler asserts procedurally that he was entitled to indictment and jury trial, and that he was not given a "reasonable time" to prepare his defense as required by Fed.R.Crim.P. 42(b). He asserts substantively that he was entitled to act as an attorney for others in a civil case. Neither point is well taken.

At trial the government established that Marthaler had never been admitted to the bar of any relevant court. Nonetheless, he executed a civil cover sheet filed with the

clerk of the court in Civil Action No. S–77–33, *Brodie v. Hull,* representing himself as attorney for the plaintiffs. The government proved that he had also claimed to be the attorney in Civil Action No. S–77–222, *Brodie v. Carter.* Marthaler also had caused a summons to be issued by the clerk of the court and had signed as attorney in each of these actions. Marthaler presented no defense.

▇ Marthaler was not entitled to indictment under Fed.R.Crim.P. 42(b). A pretrial stipulation that the court would not impose a sentence in excess of six months in jail made a jury trial unnecessary. *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974). Marthaler was given some 20 days to prepare to meet the contempt citation; this was sufficient time under Fed.R.Crim.P. 42(b). *See In re Lewis,* 501 F.2d 418, 421 (9th Cir. 1974), *cert. denied,* 420 U.S. 913, 95 S.Ct. 1106, 43 L.Ed.2d 386 (1975); *United States v. Alter,* 482 F.2d 1016, 1023 (9th Cir. 1973).

▇ Marthaler's claim to be entitled to act as attorney for others in civil cases although he is not an attorney has no basis in case law or statute. *United States v. Peterson,* 550 F.2d 379 (7th Cir. 1977); *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970); and 28 U.S.C. § 1654.

▇ One may plead his or her own cases personally or by counsel. 28 U.S.C. § 1654. Local Rule 9(b) of the Eastern District of California precludes a person who is not an attorney from acting as counsel for others in a civil matter. We are not here concerned with right to counsel in criminal matters. Intentional violation of a rule of court can be found to be a contempt of court.

"A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

\*   \*   \*   \*   \*   \*

"(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401.

Affirmed.