[No. B023140. Second Dist., Div. Five. July 22, 1987.]

RALPH W. MORTON, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and LUCILLE
LYDON, Respondents.

**COUNSEL**

Jones, Nelson, Ford & Haley and David P. Ford for Petitioner.

Richard W. Younkin, William B. Donohoe, Alvin R. Barrett and Charles E. Finster for Respondent.

## OPINION

FEINERMAN, P. J.—In this certiorari proceeding, Ralph W. Morton (petitioner), as representative of a medical lien claimant, seeks annulment of an order of respondent Workers' Compensation Appeals Board (Board) adjudging petitioner guilty of contempt and imposing a $250 fine for his failure to appear at a hearing of the lien claim.

We conclude that the Board denied petitioner due process of law, and hence, the Board's decision must be annulled.

### BACKGROUND

Applicant Lucille Lydon claimed workers' compensation benefits for injury sustained in the course of her employment by defendant Monterey Club, insured by defendant Royal Globe Insurance Company. Her proof included medical reports and bills of her self-procured physician, Dr. Rose. Applicant's claim was settled by an approved compromise and release which provided in part that defendant insurer would pay all medical bills for self-procured treatment prior to settlement.

Thereafter, petitioner, as representative of Dr. Rose, requested a hearing before the workers' compensation judge (WCJ) on the issues of medical and legal costs, as well as penalty and interest thereon.

The matter was noticed for hearing on June 7, 1984. Petitioner did not appear, and it was reset for hearing on October 29, 1984. Petitioner again failed to appear, whereupon the WCJ issued a contempt citation.

At the contempt hearing, petitioner, although not formally sworn as a witness, answered questions by the WCJ and explained his failure to appear at the two hearings. In essence, petitioner stated that he did not appear at the June hearing because it was in Los Angeles and the Board file was in San Francisco. He also stated that he did not appear at the October hearing because he had failed to enter the hearing date in his calendar book since he was going through a divorce and moving his files at that time.

The WCJ found petitioner guilty of contempt in each instance and imposed fines of $250 for failure to appear at the June hearing and $750 for failure to appear at the October hearing.

Petitioner sought reconsideration. ■ ■ ■ The Board granted reconsideration on its own motion pursuant to Labor Code section 5900, subdivision (b).[1] The Board dismissed the June contempt and affirmed the WCJ's finding that petitioner had engaged in contemptuous conduct when he failed to appear at the October hearing, concluding that the evidence did not establish contemptuous conduct beyond a reasonable doubt as to the June incident, but was sufficient as to the October incident. As to the October incident, the Board stated that it constituted a "hybrid" contempt within the meaning of *Chula* v. *Superior Court* (1962) 57 Cal.2d 199 [18 Cal.Rptr. 507, 368 P.2d 107, 97 A.L.R.2d 421], that the WCJ had power to adjudge the contempt and had afforded Mr. Morton due process of law, and that the evidence established contempt beyond a reasonable doubt.

Petitioner then sought review in this court, and the Board requested remand. We vacated the Board's decision and remanded "the entire contempt matter" to the Board.

On remand the Board rescinded its decision and the WCJ's decision. Then, without a hearing, the Board ". . . ADJUDGED THAT Ralph W. Morton, by reason of his failure to appear at the properly noticed hearing on October 29, 1984, when he had knowledge of the court date by receipt of the notice of hearing, had the ability to appear and willfully neglected to do so without sufficient reason or excuse, is GUILTY OF contempt of the Workers' Compensation Appeals Board."

Petitioner sought reconsideration, contending that the Board denied him due process of law and violated this court's remand order in adjudging him in contempt in absentia and without a hearing. The Board denied reconsideration, petitioner again sought review, and we issued a writ of certiorari.

## DISCUSSION

■ In California all contempt proceedings are quasi-criminal in nature. (*Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133, 569 P.2d 727]; see *Hustedt* v. *Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 329, 347, fn. 15 [178 Cal.Rptr. 801, 636 P.2d 1139].) ■ Generally, administrative agencies are not empowered to adjudge contempt unless such power is expressly conferred by statute. (See Cal. Administrative Hearing Practice (Cont.Ed.Bar 1984) § 2.98, p. 131.)

■ It is well settled that the Workers' Compensation Appeals Board is a tribunal of limited jurisdiction with no powers beyond those conferred upon

---

[1] We note that no right to reconsideration of a contempt order exists under Labor Code section 5900. (*Marcus* v. *Workmen's Comp. Appeals Bd.* (1973) 35 Cal.App.3d 598, 601, fn. 3 [111 Cal.Rptr. 101].)

it by section 4 of article XIV of the California Constitution and the provisions of the Labor Code. (*Fremont Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1984) 153 Cal.App.3d 965, 970 [200 Cal.Rptr. 762]; *Marcus* v. *Workmen's Comp. Appeals Bd.* (1973) 35 Cal.App.3d 598, 602 [111 Cal.Rptr. 101].)

The Legislature has vested the Board with the power to punish contempt (*Rowen* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 633, 639 [174 Cal.Rptr. 185]; *Marcus* v. *Workmen's Comp. Appeals Bd, supra,* 35 Cal.App.3d at p. 604) in Labor Code section 134, which provides: "The appeals board or any member thereof may issue . . . all necessary process in proceedings for contempt, in like manner and to the same extent as courts of record. . . ." (See *Hustedt* v. *Workers' Comp. Appeals Bd., supra,* 30 Cal.3d at p. 345.)

■ Thus, the Board must follow the applicable provisions of the Code of Civil Procedure pertaining to contempts (Code Civ. Proc., § 1209 et seq.). (*Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at p. 643.) Accordingly, when the contempt is not committed in the Board's presence, the Board must proceed by way of order to show cause supported by affidavit (Code Civ. Proc., §§ 1211, 1212; *Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at p. 639); and the alleged contemner "is entitled to appear before and be heard by the tribunal which pronounces judgment upon him [citation]." (*Marcus* v. *Workers' Comp. Appeals Bd., supra,* 35 Cal.App.3d at p. 605; see *Arthur* v. *Superior Court* (1965) 62 Cal.2d 404, 408-409 [42 Cal.Rptr. 441, 398 P.2d 777].)

In the instant case, this court's order remanding "the entire contempt matter" to the Board became final. ■ On remand the Board correctly rescinded its prior decision and the WCJ's decision, but then proceeded to adjudge petitioner guilty of contempt in absentia and without a hearing. In doing so, the Board denied petitioner due process of law under the above cited authorities. Hence, the Board's contempt order is void and must be annulled. (*In re Baroldi* (1987) 189 Cal.App.3d 101, 111 [234 Cal.Rptr. 286].)

In view of the above conclusion, resolution of the question whether the WCJ was empowered to adjudge a contempt is unnecessary to our decision. Nevertheless, this question will be addressed since it affects the future rights of parties to a workers' compensation contempt proceeding and there is a reasonable probability the issue will again arise in such a proceeding. (*People* v. *West Coast Shows, Inc.* (1970) 10 Cal.App.3d 462, 468 [89 Cal.Rptr. 290]; see *Hardie* v. *Eu* (1976) 18 Cal.3d 371, 379 [134 Cal.Rptr. 201, 556 P.2d 301]; *Eye Dog Foundation* v. *State Board of Guide Dogs for*

*the Blind* (1967) 67 Cal.2d 536, 542 [63 Cal.Rptr. 21, 432 P.2d 717]; *Salmon Trollers Marketing Assn.* v. *Fullerton* (1981) 124 Cal.App.3d 291, 298 [177 Cal.Rptr. 362]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 526, pp. 509-513.)

As we previously stated, the Legislature has empowered the "board or any member thereof" to adjudge contempt "in like manner and to the same extent as courts of record." (Lab. Code, § 134.)  ▮ ▮▮▮ Although the Legislature has empowered the WCJ and the Board to exercise subpoena powers (Lab. Code, § 132), it has not included the WCJ in the Labor Code section 134 grant of contempt power to the "board or any member thereof."[2]

Labor Code section 123 provides that the administrative director may employ "workers' compensation judges." Although the powers granted to a WCJ by statute are broad, no statute expressly vests a WCJ with the power to adjudge contempt. (*Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d at p. 602.) Nevertheless, the Board adopted former rule 10800[3] purportedly authorizing a WCJ to adjudge contempt committed in his presence, despite the absence of a judicial decision upholding this "presumed" contempt power in a WCJ. (*Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d at pp. 602-603.)

In *Marcus,* the Board referred hearing of a contempt charge to a WCJ who presided over the hearing. Then the Board reviewed the transcripts and the documentary evidence presented at the hearing and found Marcus guilty of contempt. (*Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at p. 642.) The *Marcus* court held this procedure invalid, concluding that " 'the power to punish for contempt is a judicial power of the highest degree that the Legislature has, pursuant to the provisions of Labor Code section 134, vested exclusively in the "appeals board or any member thereof," and is a power which may not be delegated by the appeals board to a referee.' " (*Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at p. 642, quoting from *Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d at p. 604.)

In that regard, the *Marcus* court noted (*id.,* at p. 603) that contempts against subordinate officers appointed by a court are usually regarded as

---

[2] "By statute, the appeals board consists of seven members (Lab. Code, § 111), appointed by the Governor with the advice and consent of the Senate (Lab. Code, § 112). It is clear that a referee [WCJ] is not a *member* of the appeals board." (Original italics.) *(Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d at p. 604.)

[3] Apparently, former rule 10800 has been replaced by rule 10348 (Cal. Admin. Code, tit. 8, ch. 4.5, § 10348), again purporting to authorize a WCJ to adjudge contempt committed in his or her presence.

contempts of the authority of the appointing court, and the appointing court has power to punish such contempts. Although court commissioners and referees have been authorized in some jurisdictions to punish disobedience of their orders as contempts, it has been held that, in the absence of express authority, such officers have no such power. The *Marcus* court stated further (*ibid.*) that in California nonjudicial officers have no power to punish for contempt unless specially so authorized by law, and that its research disclosed no California case in which a subordinate officer, court commissioner, or referee has been permitted to summarily exercise the power of contempt.

The *Marcus* court concluded (*id.,* p. 605): "The board's procedure in assigning a referee [WCJ] to hear the matter and thereafter adjudicating petitioner in contempt in absentia, on the basis of a transcript of the proceedings, was not in accordance with the statute [Labor Code section 134] or with due process. Petitioner [alleged contemner] is entitled to appear before and be heard by the tribunal which pronounces judgment upon him [citation]."

In two en banc decisions reported collectively in *Gonzalez* v. *Oakshire Corp.* (1980) 45 Cal.Comp.Cases 267 and 272, the Board majority concluded that the WCJ had power to adjudge direct and hybrid contempt, as distinguished from indirect contempt, and distinguished *Marcus* on the basis that it involved an indirect contempt. Two of the seven Board members disagreed, stating (*Gonzalez* v. *Oakshire, supra,* 45 Cal.Comp.Cases, at p. 289): "A clear reading of the language of the opinion on *Marcus* in light of its facts and issues can lead to no other conclusion than that the court's holding that workers' compensation judges do not have the power to punish for any kind of contempt is part of the court's *ratio decidendi* and therefore is binding on the Board under the principles of *stare decisis* as announced in *Auto Equity Sales* v. *Superior Court,* 57 Cal.2d 450 (1962) . . . ."

Subsequent to these Board en banc decisions, the Court of Appeal in *Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at page 643 reaffirmed the *Marcus* holding, noting: "Unfortunately, the WCAB fails to understand the full reach of the *Marcus* decision. Labor Code section 134 requires that the WCAB proceed in contempt proceedings in the same manner as courts of record. Accordingly, the WCAB must follow the applicable provisions of the Code of Civil Procedure pertaining to contempt. [Citation.]" As the *Marcus* court stated: "Petitioner [alleged contemner] is entitled to appear before and be heard by the tribunal which pronounces judgment upon him [citation]." (*Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d at p. 605.)

■ Under the above cited authorities, the Board, and not the WCJ, is empowered to adjudge contempt. The Board seeks avoidance of the *Marcus* decision and the Legislature's express limitation of contempt power to the "board or any member thereof" (Lab. Code, § 134) by urging that this court reexamine *Marcus* and section 134 in the light of public policy and the entire statutory scheme of workers' compensation law to determine a legislative intent to confer contempt power on the WCJ. For the reasons stated in this opinion, we follow the *Marcus* decision and the express provisions of section 134 limiting contempt power to the Board. If such power is to be conferred on a WCJ, it is a policy decision to be made by the Legislature and not by the Board or by this court.

The February 13, 1986, opinion and decision after remand order of respondent Workers' Compensation Appeals Board and its May 9, 1986, opinion and order denying reconsideration, are annulled and all orders of contempt against petitioner Ralph Morton are declared void.

Ashby, J., and Hastings, J., concurred.

The petition of respondent Workers' Compensation Appeals Board for review by the Supreme Court was denied September 30, 1987.