[No. B036621. Second Dist. Div One. June 13, 1989.]

BYRON DANIEL CRAWFORD, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, Respondent.

COUNSEL

Patterson, Belknap, Webb & Tyler, Edward M. Rosenfeld, Helmut F. Furth, Donald G. Norris, Roberta M. Klein and Roger M. Rosen for Petitioner.

Richard W. Younkin and William B. Donohoe for Respondent.

OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Petitioner Byron Daniel Crawford, M.D., seeks a writ of prohibition, or in the alternative a writ of mandate, to restrain further contempt proceedings against him by respondent Workers' Compensation Appeals Board (WCAB).

### BACKGROUND

Dr. Crawford is a psychiatric expert witness specializing in stress-related and other mental disorders. Through an alter ego corporation, he has been

providing medical evaluation reports submitted in workers' compensation cases since 1978. The corporation employs pproximately 30 persons to take medical histories and write the medical evaluation reports. Dr. Crawford is the sole physician employed by the corporation. Some of the employees are psychologists. The corporation generates approximately 50 to 80 reports each week. All of the reports are signed by Dr. Crawford.

In 1986 several persons brought to the WCAB's attention deficiencies in Dr. Crawford's reports; and in September 1986 a workers' compensation judge (WCJ), based on testimony before her in *Frances Morales* v. *U.S. Borax,* WCAB No. 84 LA 515162, referred Dr. Crawford to the WCAB regarding possible contempt. After a complex and extensive investigation, the WCAB on April 29, 1988, issued an accusation, a citation, and an order to show cause charging Dr. Crawford with 36 counts of contempt.

Dr. Crawford moved to dismiss the order to show cause. A WCAB commissioner granted the motion as to two counts (33 and 34) without prejudice to renewal and set the matter for hearing of the remaining counts.

Dr. Crawford then petitioned this court for a writ of prohibition restraining further proceedings by the WCAB. We initially denied the petition; however, the Supreme Court granted review and transferred the matter to this court with directions to issue an alternative writ to be heard before this court. We issued an alternative writ requiring the WCAB either to desist from further proceedings in the matter or in the alternative to show cause why a peremptory writ restraining the WCAB from further proceedings in the matter should not issue.

### ACCUSATION AND ORDER TO SHOW CAUSE

The accusation and order to show cause are supported by extensive affidavits, declarations, deposition testimony of Dr. Crawford and other witnesses, and medical evaluation reports signed by Dr. Crawford in numerous cases involving claims of injured workers for compensation benefits.

In essence, 18 of the counts charge Dr. Crawford with willful violation of California Code of Regulations, title 8, chapter 4.5, section 10606 (rule 10606) in failing to identify the persons who took the medical histories and assisted in preparing and writing 17 medical evaluation reports submitted in

workers' compensation cases in 1985 and 1986.[1] An additional 13 counts charge Dr. Crawford with deceit in failing to identify the persons who prepared medical reports and in willfully misrepresenting to the WCAB that Dr. Crawford alone took medical histories and prepared the reports. As to these 31 counts based in essence on violation of rule 10606, it is alleged that Dr. Crawford's conduct constituted contempt under Code of Civil Procedure section 1209, subdivision (a) 4, 5, and 8.[2] The remaining five counts charge "deceit" due to misrepresentations made in medical evaluation reports signed by Dr. Crawford submitted in workers' compensation cases in 1985 and 1986.

For example, one of these five counts (27) in essence charges that Dr. Crawford filed false medical reports and liens in *Peter Padilla* v. *California Commerce Bank; Mission Insurance Co.,* WCAB No. 84 LA 514764, for psychotherapy services rendered to applicant Padilla on dates after his death, the medical reports and liens being signed by Dr. Crawford only, without assistance of any other person. Another count (35) charges that Dr. Crawford filed false medical reports and liens in two other workers' com-

---

[1] Rule 10606 provides: "The Workers' Compensation Appeals Board favors the production of medical evidence in the form of written reports. Direct examination of a medical witness will not be received at a hearing except upon a showing of good cause and written notice to the parties filed and served at least 20 days before the hearing.

"These reports should include where applicable:

"(a) the date of the examination;

"(b) the history of the injury;

"(c) the patient's complaints;

"(d) source of all facts set forth in the history of complaints;

"(e) findings on examination;

"(f) opinion as to the extent of disability and work limitations, if any;

"(g) cause of the disability;

"(h) medical treatment indicated;

"(i) opinion as to whether or not permanent disability has resulted from the injury and whether or not it is stationary. If stationary, a description of the disability with a complete evaluation;

"(j) the reasons for the opinions; and,

"(k) the signature of the physician.

"If any person other than the physician who has signed the report has participated in the examination of the injured employee or in the preparation of the report, the name or names of such persons and their role shall be set forth, including the name of person or persons who have taken the history, have performed the physical examination, have drafted, composed or edited the report in whole or in part.

"In death cases, the reports of non-examining physicians may be admitted into evidence in lieu of oral testimony.

"Failure to comply with the requirements of this section will not make the report inadmissible but will be considered in weighing such evidence."

[2] Code of Civil Procedure section 1209 provides: "(a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court: . . . [¶] 4. Abuse of the process or proceedings of the court; [¶] 5. Disobedience of any lawful . . . order, or process of the court; . . . [¶] 8. Any other unlawful interference with the process or proceedings of a court; . . . ."

pensation cases (*Robert J. Kelley* v. *Panama Moving and Storage,* WCAB No. 85 LA 525604, and *Robert J. Kelley* v. *Goldrich & Kest Management,* WCAB Nos. 85 LA 542858, 85 LA 542859, 85 SBR 113311), alleging in essence that a few months after Dr. Crawford filed medical reports and liens in the first *Kelley* case to the effect applicant Kelley had undergone eight psychotherapy sessions in 1985 and was evaluated as totally disabled psychiatrically, Dr. Crawford filed medical reports and liens in the second *Kelley* case to the effect that applicant Kelley had never filed a previous workers' compensation claim, had never previously undergone psychiatric treatment, and had no previous treatment for mental or emotional problems.

Two counts charge in essence that Dr. Crawford willfully violated rule 10606 in connection with medical evaluation reports for 1,000 "Doe" injured workers in other workers' compensation cases. The WCAB dismissed these Doe counts (33 and 34) without prejudice to renewal.

Based on the accusation and accompanying exhibits, the WCAB ordered that Dr. Crawford appear before a WCAB commissioner at a certain time and place and show cause, if any, why he should not be held in contempt pursuant to Labor Code section 134.

## DISCUSSION

█ We address the issues in accordance with the principle that the Supreme Court's transfer order does not *ipso jure* establish petitioner is entitled to the relief sought and the Supreme Court's action means only that this court must decide the issues presented. (*Popelka, Allard, McCowan Jones* v. *Superior Court* (1980) 107 Cal.App.3d 496, 500 [165 Cal.Rptr. 748].)

We first note that the California Workers' Compensation Act (Lab. Code, § 3200 et seq.) is a statutory system enacted pursuant to constitutional grant of plenary power to the Legislature to establish a complete and exclusive system of workers' compensation including "full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character; all of which matters are expressly declared to be the social public policy of this State . . . ." (Cal. Const., art. XIV, § 4; Lab. Code, § 3201; see *Graczyk* v. *Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1002 [229 Cal.Rptr. 494, 58 A.L.R.4th 1245].)

The Legislature has vested all judicial powers under the Workers' Compensation Act in the WCAB (Lab. Code, § 111), including the power to issue all necessary process in proceedings for contempt. (Lab. Code, § 134; *Morton* v. *Workers' Comp. Appeals Bd.* (1987) 193 Cal.App.3d 924, 928 [238 Cal.Rptr. 651]; *Rowen* v. *Workers' Comp. Appeals Bd.* (1981) 119 Cal.App.3d 633, 639 [174 Cal.Rptr. 185]; *Marcus* v. *Workmen's Comp. Appeals Bd.* (1973) 35 Cal.App.3d 598, 604 [111 Cal.Rptr. 101].) ■ As stated in *Lipsey* v. *Danish Convalescent Home et al.* (1986) 51 Cal.Comp.Cases 443, 447 (in bank), the WCAB is authorized to exercise judicial power in all disputes arising under the Workers' Compensation Act as a constitutional court subject to general legal principles which circumscribe and regulate the judgments of all judicial tribunals and in general has inherent power to control its practice and procedure to prevent frustration, abuse, or disregard of its processes.

■ In vesting the WCAB with the power to punish contempt, the Legislature specified that the WCAB or any member thereof "may issue . . . all necessary process in proceedings for contempt, in like manner and to the same extent as courts of record." (Lab. Code, § 134; *Morton* v. *Workers' Comp. Appeals Bd., supra,* 193 Cal.App.3d at p. 928.) Consequently, the WCAB must follow the applicable provisions of the Code of Civil Procedure pertaining to contempts (Code Civ. Proc., § 1209 et seq.); and when the alleged contempt is not committed in the WCAB's presence, the contempt proceedings are in the nature of indirect contempt, the WCAB must proceed by way of order to show cause supported by affidavit (Code Civ. Proc., § 1212), and the alleged contemner is entitled to appear before and be heard by the WCAB. (*Morton* v. *Workers' Comp. Appeals Bd., supra,* 193 Cal.App.3d at p. 928; *Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at pp. 639, 643; *Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d at p. 605; see *Arthur* v. *Superior Court* (1965) 62 Cal.2d 404, 408-409 [42 Cal.Rptr. 441, 398 P.2d 777].)

With these principles in mind, we address the issues raised by petitioner.

### 1. *Statute of Limitations*

■ In the instant petition, petitioner places primary emphasis on Penal Code section 802 in support of his contention the contempt proceedings are barred by the one-year statute of limitations. In his reply brief, however, he appears to shift emphasis to Code of Civil Procedure section 340, subdivision (2), in this regard, noting that even if the herein contempt proceeding is not criminal in nature but merely quasi-criminal, then section 340, subdivi-

sion (2), applies.[3] (*Alpine Palm Springs Sales, Inc.* v. *Superior Court* (1969) 274 Cal.App.2d 523 [79 Cal.Rptr. 415].) Thus, petitioner asserts: "In any event, the question whether the present proceedings are criminal in nature or only 'quasi criminal' is largely irrelevant because it is obvious that the Legislature meant to impose a one-year statute of limitations in either event."

■ Although contempt proceedings are quasi-criminal in nature (*Raiden* v. *Superior Court* (1949) 34 Cal.2d 83, 86 [206 P.2d 1081]; *Morton* v. *Workers' Comp. Appeals Bd., supra,* 193 Cal.App.3d 924, 927), the purpose of such proceedings is to protect the dignity, authority, or process of the court or tribunal (*Vaughn* v. *Municipal Court* (1967) 252 Cal.App.2d 348, 358-359 [60 Cal.Rptr. 575]) and to provide the court or tribunal with the means of controlling its proceedings. (*Cooper* v. *Superior Court* (1961) 55 Cal.2d 291, 301 [10 Cal.Rptr. 842, 359 P.2d 274]; *Lyons* v. *Superior Court* (1955) 43 Cal.2d 755, 758 [278 P.2d 681].) ■ Thus, the WCAB has inherent power to exercise reasonable control over all proceedings before it to ensure the orderly administration of justice, to maintain its dignity and authority, and to punish acts which embarrass or obstruct it in discharge of its duties. (*Mowrer* v. *Superior Court* (1969) 3 Cal.App.3d 223, 230 [83 Cal.Rptr. 125].)

■ Where the object of contempt proceedings is to vindicate the dignity, authority, or process of the court, the proceedings are quasi-criminal in character even though they arise from, or are ancillary to, a civil proceeding. (*Morelli* v. *Superior Court* (1969) 1 Cal.3d 328, 333 [82 Cal.Rptr. 375, 461 P.2d 655]; see *Morton* v. *Workers' Comp. Appeals Bd., supra,* 193 Cal.App.3d at p. 927 ["In California all contempt proceedings are quasi-criminal in nature."].)[4]

■ In any event, whether the applicable statutory limitation be attributed to Penal Code section 802 or to Code of Civil Procedure section 340, subdivision (2), neither statute bars the herein contempt proceedings since, as stated in *Rowen* v. *Workers' Comp. Appeals Bd,, supra,* 119 Cal.App.3d at page 639: "There is no specified statutory limitation of time within which a determination of contempt must be made. In cases of *direct* contempt, the question is one of whether the delay deprived the court of jurisdiction.

---

[3] Penal Code section 802 provides: "(a) Except as provided in subdivision (b), prosecution for an offense not punishable by death or imprisonment in the state prison shall be commenced within one year after commission of the offense. . . ."

Code of Civil Procedure section 340 provides: "Within one year: . . . [¶] (2) An action upon a statute for a forfeiture or penalty to the people of this state. . . ."

[4] We note that Code of Civil Procedure section 1218 provides for imposition of a fine not exceeding $1,000 upon a person found guilty of contempt.

[Citations.] Thus, a delay of 50 days from the occurrence of the alleged .contemptuous conduct until the adjudication proceedings for the contempt was held [citation] to deprive the court of jurisdiction to punish for a direct contempt. '[T]hat rule [, however,] does not apply in the case of an *indirect* contempt proceeding instituted by order to show cause and supported by affidavit.' [Citation.] Rather, in cases of *indirect* contempt of the WCAB we must examine the facts to determine whether it can be said that the WCAB has lost jurisdiction in this matter. [Citation.]" (Italics in original.)

The petitioner has the burden of demonstrating that any delay by the WCAB was unreasonable and to petitioner's prejudice. (See *Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at pp. 639-640; *Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d at pp. 604-605.) In *Marcus,* part of the WCAB's delay in the contempt proceedings was due to evaluation of disciplinary proceedings under Labor Code section 4907, and part was due to the attorney's request for time to engage in pretrial discovery. The court did not annul the contempt finding on the basis the WCAB had not proceeded in timely fashion, stating that "[i]n the absence of a showing of prejudice to the petitioner, . . . the delay in instituting the contempt proceedings, partly due to the action of petitioner, was not unreasonable." (See *Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d at pp. 639-640.) In the circumstances here, especially in light of the complex and extensive investigatory process undertaken by the WCAB to ensure the complaints of misconduct by Dr. Crawford were not unfounded before filing contempt charges that might unfairly impugn his reputation and economic well being, Dr. Crawford demonstrated neither unreasonableness nor prejudice, and the WCAB did not lose jurisdiction within the meaning of the *Rowen* and *Marcus* cases.[5] On the contrary, the lengthy investigatory process was to Dr. Crawford's advantage.

---

[5] The WCAB states: "It is a policy of the [WCAB] to conduct an investigation of all charges of impropriety against persons involved in [WCAB] proceedings before considering whether an order to show cause regarding contempt should issue. In many cases the charges are determined by the [WCAB] to be unfounded or of insufficient magnitude to merit proceeding in contempt. An investigation is necessary because most of the complaints arise in one or other of the 22 offices located throughout the state where workers' compensation judges conduct their hearings. Certain matters are then referred to the Commissioners for consideration of contempt of the [WCAB], although the majority of the investigations are completed in a relatively short time and may involve only a letter of inquiry, the extent and continuing nature of the complaints concerning Dr. Crawford's psychiatric evaluation reporting and billing practices necessitated the extensive and lengthy investigation before the accusation, citation and order to show cause issued.

"The [WCAB] believes that its policy of investigation in these matters is sound in order to guard against hasty action that may unfairly have an adverse effect on the economic well being and reputation of the person against whom a complaint was made. It is only after the [WCAB] investigation determines that there is substance to the complaint and that the order-

We note further that in *Alpine Palm Springs Sales, Inc.* v. *Superior Court, supra,* 274 Cal.App.2d 524, cited by petitioner as a basis for applicability of the statute of limitations in the instant case, the court stated no statute of limitations had "run against the judicial step of curing the continuously operating effect of the contemptuous act." (*Id.,* at p. 537.) Here, each alleged contemptuous medical report had potentially continuous operating effect throughout trial by the WCJ of the case in which the report was filed, and throughout reconsideration proceedings by the WCAB and review by the Court of Appeal and Supreme Court. The allegations of the accusation here are in essence that the contemptuous acts have disrupted the WCAB's practice and procedure in resolving workers' compensation claims. Under the allegations, the alleged contemptuous acts could well have had continuously operating effect until well into the one-year period before the contempt proceedings were instituted.

In this regard, we observe that in the instant review the contempt matter is in essence at the pleading stage, the WCAB having denied petitioner's motion to dismiss the order to show cause and petitioner having sought a writ prohibiting hearing of the charges. Petitioner, of course, has the burden of proving by a preponderance of the evidence the affirmative defense based on the statute of limitations. (Lab. Code, §§ 3202.5, 5705.) As above indicated, the allegations of the accusation do not show a statute of limitations defense. It is noteworthy that the WCAB denied petitioner's motion to dismiss as to all counts relating to alleged violations of rule 10606 without prejudice to renewal at the hearing of the alleged contempt. Thus, petitioner has an opportunity to establish his asserted statute of limitations defense at the hearing. On the record before us, there is not a sufficient showing of a statute of limitations defense at this stage of the proceedings to prohibit the WCAB from hearing the alleged contempt.

For the foregoing reasons, we conclude that further proceedings in the contempt matter are not barred by either Penal Code section 802 or Code of Civil Procedure section 340, subdivision (2). (*Rowen* v. *Workers' Comp. Appeals Bd., supra,* 119 Cal.App.3d 633; *Marcus* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d 598; *Alpine Palm Springs Sales, Inc.* v. *Superior Court, supra,* 274 Cal.App.2d 523.)

### 2. *Sufficiency of Accusation*

Rule 10606 was adopted by the WCAB pursuant to its power to prescribe reasonable rules of practice and procedure in proceedings before it. (Lab.

---

ly processes of the law protecting injured workers is jeopardized if the alleged complaint is true that the order to show cause issues and the matter is set for hearing."

Code, §§ 5307, 5703.)[6] Thus, by virtue of these statutes and the rules promulgated pursuant thereto, the WCAB is empowered to adopt reasonable rules of practice and procedure to regulate and prescribe the nature of proof and evidence in workers' compensation cases.

Rule 10606 (fn. 1, *ante*) requires that physicians who submit medical reports for introduction in evidence in workers' compensation proceedings disclose the name of any person other than the reporting physician who has participated in taking the medical history, in performing the physical examination, or in drafting, composing, or editing the medical report. Failure to comply with this requirement renders the report inadmissible if it is not the report of an examining or attending physician. Rule 10606 does not specifically provide for contempt for failure to comply with its provisions.

■ The purpose of rule 10606 is stated as follows: "Knowledge of the identity of the person performing a physical examination of a workers' compensation claimant is extremely important to both the finder of fact and the parties in a workers' compensation setting. The person who performs the physical examination makes crucial judgments as to the validity of a claimant's complaints and symptoms. The finder of fact and the parties are entitled to know that person's identity so that they may weigh his or her qualifications and reputation, and may have the opportunity for cross-examination. If a workers' compensation judge or the [WCAB] receives a report signed by a physician which does not otherwise disclose that the physician's opinions stated in that report are based in part upon the findings of a physical examination not performed by the reporting physician, then the judge or the [WCAB] would reasonably conclude that the signing physician had performed the physical examination, and would therefore be misled about a crucial issue." (*In re Nussdorf* (1981) 46 Cal.Comp.Cases 189, 192, fn. 3 (in bank).)

The *Nussdorf* rationale is likewise applicable to the WCAB's need to identify persons who assist in writing medical reports, in obtaining medical histories, and in providing treatment, especially in the esoteric discipline of psychiatry, which offers the least opportunity for reliance on objective findings of trauma and in which the impressions of the medical examiner at each stage of the examination are critical to the final diagnosis. Where, as here, the final medical report is based on a cursory examination by the psychiatrist, the report is useless and a waste of time for the WCJ who must rely on medical reports in determining the issues in a given case.[7] It is

---

[6] Labor Code section 5307 provides the WCAB may adopt reasonable rules of practice and procedure. Section 5703 provides the WCAB may receive as evidence and use as proof of any fact in dispute, in addition to sworn testimony, reports of attending or examining physicians.

[7] It would appear from the record that Dr. Crawford's review of the 50 to 80 medical evaluation reports signed by him each week would be cursory at best. This is further substantiated

noteworthy that in litigation of injured workers' claims for workers' compensation benefits, the medical evaluation re ort is a crucial element of proof, if not the most crucial element, consiaered by the WCJ in deciding the issues.

■ As to petitioner's assertion that rule 10606 is not an order subject to contempt under Code of Civil Procedure section 1209, we note that rule 10606 is a rule of practice and procedure adopted pursuant to statutory authorization pertaining to the orderly conduct of proceedings before the WCAB; and inexcusable failure to comply with it constitutes unlawful interference with the proceedings of the WCAB within the meaning of section 1209. (*Cantillon* v. *Superior Court* (1957) 150 Cal.App.2d 184, 187-188 [309 P.2d 890]; cf. *United States* v. *Marthaler* (2d Cir. 1978) 571 F.2d 1104, 1105 ["Intentional violation of a rule of court can be found to be a contempt of court."].)

Nor is there merit to petitioner's further assertion that rule 10606 is insufficient to apprise one of the possibility of a contempt citation for violating its provisions. Although rule 10606 does not specify contempt as a sanction for noncompliance, WCAB rule 10562 (Cal. Code Regs., tit. 8, ch. 4.5, § 10562) regarding failure to appear at a hearing similarly does not specify contempt as a sanction; yet, failure to comply with rule 10562 can result in a contempt finding. (*In re Hustedt* (1976) 41 Cal.Comp.Cases 501, writ den.; Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 6.38, p. 217.)

■ As to petitioner's assertion the affidavits are technically deficient in several respects, we note an affidavit need not state all the facts upon which the WCAB relied in deciding to issue the order to show cause regarding contempt; it need only make a prima facie showing of the elements of contempt. (*In re Morelli* (1970) 11 Cal.App.3d 819, 832-833 [82 Cal.Rptr. 375, 461 P.2d 655].) Those elements are that the court made a lawful order; the person cited for contempt had knowledge or notice of the order; and the person was able to comply, yet willfully disobeyed the order. (See *Warner* v. *Superior Court* (1954) 126 Cal.App.2d 821, 824 [273 P.2d 89]; Cal. Judges Benchbook, Civil Trials (1981) Contempt Power, § 11.55, pp. 374-375.)

Under Code of Civil Procedure section 1211.5, a defect or imperfection in form that does not prejudice a substantial right of the accused on the merits cannot affect the trial, order, judgment, or other proceeding; and no order or judgment of conviction will be set aside for a pleading error in the

---

by the glaringly inconsistent factual statements in the reports he signed in the two *Kelley* cases.

affidavit or statement, unless, after examining the entire case, including the evidence, the court finds that the error complained of has resulted in a miscarriage of justice. We note that in enacting section 1211.5, the Legislature evidenced an intent that contempt proceedings be adjudicated on the merits and not be set aside because of technical defects in the initiating affidavits. (*Reliable Enterprises, Inc.* v. *Superior Court* (1984) 158 Cal.App.3d 604, 617 [204 Cal.Rptr. 786].)

Support for an order to show cause in re contempt may be provided by a combination of documents (*In re Morelli, supra,* 11 Cal.App.3d at p. 828), and the supporting documents need only make a prima facie showing of contemptuous conduct. (*Id.,* at pp. 830, 832-833.) "Clearly, the purpose of the rule that all of the elements of the commission of a contempt of court should be shown in the papers submitted for the purpose of securing an order requiring the alleged contemner to come before the court and show cause why he should not be adjudged in contempt for his disobedience is to satisfy the court that it has reason to put its compulsive power in motion, that it would have jurisdiction to act by way of calling the alleged contemner before it and inquiring into his conduct, and that it would not be doing so unwarrantedly to the inconvenience of the court and the person involved. A prima facie showing . . . should be sufficient to satisfy that rule with respect to any particular element of contempt which might be under consideration." (*Id.,* at pp. 832-833.)

Here, Dr. Crawford's factually substantiated misconduct in disregarding rule 10606 in filing medical evaluation reports, as well as some instances filing false reports, constitutes a prima facie showing he has interfered with the WCAB's authority, process, and proceedings, as well as with the WCAB's primary function under the constitutional mandate (Cal. Const., art. XIV, § 4) that the WCAB adjudicate workers' compensation claims "expeditiously, inexpensively, and without incumbrance of any character."

Dr. Crawford's assertion he did not have knowledge of the requirements of rule 10606 is specious in light of the fact he has been submitting medical evaluation reports in workers' compensation proceedings since 1978 and in light of his 1986 deposition testimony he had "heard" of rule 10606. The record here establishes a prima facie showing that Dr. Crawford had the requisite knowledge of rule 10606.

We conclude the affidavits and supporting papers establish a prima facie showing of contempt justifying issuance of the order to show cause within the meaning of Code of Civil Procedure section 1209 and the authorities cited herein.

### 3. *Res Judicata and Collateral Estoppel*

In 1986 when findings, if any, were made by the WCJ who referred the matter of possible contempt by Dr. Crawford to the WCAB, the established law was that only the WCAB or any member thereof must adjudicate contempt and that a WCJ lacked power to do so. (Lab. Code, § 134; *Morton v. Workers' Comp. Appeals Bd., supra,* 193 Cal.App.3d 924; *Marcus v. Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d 598.) Thus, any finding or determination by the WCJ as to contempt is null and void for lack of jurisdiction of the WCJ, and cannot serve as a basis for invocation of res judicata or collateral estoppel as to counts 35 and 36 (or as to any of the counts).[8]

### 4. *Prohibition as Remedy*

Prohibition is an appropriate remedy to restrain threatened further contempt proceedings by the WCAB. (See Code Civ. Proc., §§ 1102, 1103; *Morelli v. Superior Court, supra,* 1 Cal.3d 328 [peremptory writ of prohibition and peremptory writ of mandate denied as to order to show cause re contempt proceedings to vindicate the dignity and authority of the superior court]; *City County of S. F. v. Superior Court* (1959) 53 Cal.2d 236, 244-245 [1 Cal.Rptr. 158, 347 P.2d 294]; *Farnham v. Superior Court* (1961) 188 Cal.App.2d 451, 456 [10 Cal.Rptr. 615] [". . . the trial court is without jurisdiction to punish these petitioners for contempt upon the showing made and the trial court should be prohibited from proceeding further with the contempt proceedings under order [to show cause] involved"].)

Before our issuance of the alternative writ of prohibition herein, the matter had been set for hearing before a WCAB commissioner pursuant to the order to show cause. As previously indicated, the WCAB denied the motion as to all counts relating to alleged violation of rule 10606 without prejudice to renewal at the hearing of the alleged contempt. Thus, petitioner has an opportunity to renew his motion at the hearing. In any event, we conclude there is a prima facie showing of alleged contempt sufficient to

---

[8]Effective January 1, 1989, Labor Code section 5309 was amended to provide that the WCAB "may, in accordance with rules of practice and procedure which it shall adopt . . . direct and order a workers' compensation judge: . . . [¶] (c) To issue . . . all necessary process in proceedings for direct and hybrid contempt in a like manner and to the same extent as courts of record. . . ." (Stats. 1988, ch. 222, § 1.) This amendment is apparently the Legislature's response to the holding in *Morton v. Workers' Comp. Appeals Bd., supra,* 193 Cal.App.3d 924, and *Marcus v. Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d 598, limiting the exercise of contempt power to "the board or any member thereof" (Lab. Code, § 134), and is indicative of the Legislature's intent the WCAB have and exercise the contempt power of a court of record to protect its process in adjudicating workers' compensation claims.

provide the WCAB with jurisdiction to hear the charges in the accusation pursuant to the order to show cause. ▆▆ ▆▆ ▆▆ ▆▆ Petitioner has an adequate remedy at law to defend against the charges at the hearing.[9]

The alternative writ of prohibition is discharged, and the petition for a peremptory writ of prohibition or in the alternative for a writ of mandate is denied.

Hanson, J., and Ortega, J., concurred.

A petition for a rehearing was denied July 12, 1989, and petitioner's application for review by the Supreme Court was denied August 31, 1989. Broussard, J., was of the opinion that the application should be granted.

---

[9] In his petition for rehearing, Dr. Crawford contends the court has prejudged the facts pertaining to his alleged guilt and Labor Code section 134 is unconstitutional.

We again note this contempt matter is at the pleading stage only; we have limited our discussion to the allegations and charges in the supporting papers as establishing a prima facie showing of contempt to justify issuance of the order to show cause; we have concluded the alleged facts establish a prima facie showing of contempt sufficient to warrant a hearing of the charges in the accusation pursuant to the order to show cause; and Dr. Crawford has an adequate remedy at law to defend against the charges at the hearing where the facts pertaining to his alleged guilt will be judged.

As to the constitutionality of section 134, we reiterate that the Legislature, pursuant to the constitutional grant of plenary power (Cal. Const., art XIV, § 4), has vested judicial powers relating to workers' compensation law in the WCAB (Lab. Code, § 111), including the power to issue all necessary process in proceedings for contempt in like manner and to the same extent as courts of record (Lab. Code, § 134), and this contempt power has been recognized by the courts. (*Hustedt* v. *Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 329, 345 [178 Cal.Rptr. 801, 636 P.2d 1139]; *Morton* v. *Workers' Comp. Appeals Bd., supra*, 193 Cal.App.3d at p. 928; *Rowen* v. *Workers' Comp. Appeals Bd., supra*, 119 Cal.App.3d at p. 639; *Marcus* v. *Workmen's Comp. Appeals Bd., supra*, 35 Cal.App.3d at p. 604.) Petitioner asserts that since two of the seven members of the WCAB need not be attorneys at law (Lab. Code, § 112) and since a jail sentence is a possible penalty for contempt (Code Civ. Proc., § 1218), the section 134 grant of contempt power denies him due process of law under *Gordon* v. *Justice Court* (1974) 12 Cal.3d 323 [115 Cal.Rptr. 632, 525 P.2d 72, 71 A.L.R.3d 551] in that a nonattorney judge may not preside over criminal cases involving possible jail sentences. Even if *Gordon* applies to contempt proceedings (cf. *Hustedt* v. *Workers' Comp. Appeals Bd., supra*, 30 Cal.3d at p. 347, fn. 15), the WCAB has fairly and reasonably construed Labor Code sections 112 and 134 as requiring that only attorney members of the WCAB may hear and determine contempt matters and has assigned Commissioner Donna Alyson Little, an attorney licensed to practice law in California (see News Briefs (1987) 15 Cal. Workers' Comp. Rptr. 151; 1 Martindale-Hubbell Law Directory (121st ed. 1989) Cal. Lawyers, p. 827), to hear the alleged contempt. Section 134 is not unconstitutional as applied.