Filed 5/17/16  Pacific Bay Recovery v. WCAB (Sun Health Care) CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PACIFIC BAY RECOVERY, INC.,<br><br>        Petitioner,<br><br>    v.<br><br>WORKERS' COMPENSATION APPEALS BOARD and SUN HEALTH CARE et al.,<br><br>        Respondents. | D070022<br><br>(WCAB Nos. ADJ3651505 & SDO33086) |

Petition for writ of review from an order of the Workers' Compensation Appeals Board.  Petition granted.  The order is annulled and the matter remanded.

James Michael Hester for Petitioner.

James Alton Page for Respondents Sun Health Care and Broadspire Insurance Company.

Richard L. Newman and John F. Shields for Respondent Workers' Compensation Appeals Board.

On March 23, 2016, Pacific Bay Recovery, Inc. (Pacific Bay) petitioned this court for review of the February 6, 2016 Worker's Compensation Appeals Board (WCAB)

decision upholding the denial of its claim for payment. In response to Pacific Bay's petition, the WCAB notified this court that "one of the reasons expressed in its February 6, 2016 Opinion and Order Denying Petition for Reconsideration is in error." The WCAB asks this court to grant Pacific Bay's petition, summarily annul its decision, and remand the case for further proceedings before the WCAB.

As a result of this request, this court notified the parties that it was considering granting Pacific Bay's petition for review, summarily annulling the WCAB's February 8, 2016 order and remanding the matter to the WCAB. (See, e.g., *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [absent exceptional circumstances, a peremptory writ in the first instance should not issue without the court having received or solicited opposition from adverse parties].) Our notice directed the parties to file any opposition to the court's summary annulment of the February 8, 2016 order and its remand of the matter to the WCAB within 10 days. Respondents Sun Health Care and Broadspire Insurance Company filed a response noting that the WCAB has not stated the grounds of its conceded error and that they "should be allowed to respond to any admitted error to avoid further litigation."

The WCAB is vested with exclusive "judicial power in all disputes arising under the Workers' Compensation Act . . . and in general has inherent power to control its practice and procedure to prevent frustration, abuse, or disregard of its processes." (*Crawford v. Workers' Comp. Appeals Bd.* (1989) 213 Cal.App.3d 156, 164.) Our review of a decision of the WCAB is limited to whether the WCAB acted without or in excess of its powers and whether the order, decision or award was unreasonable, not supported by

substantial evidence or procured by fraud.  (Lab. Code, § 5952.)  Because the WCAB has exclusive jurisdiction over Pacific Bay's claims, and this court's review of the decisions of the WCAB is narrow, we defer to the WCAB.  (*Crawford v. Workers' Comp. Appeals Bd., supra*, 213 Cal.App.3d at p. 165; see also Lab. Code, § 5803 [WCAB "has continuing jurisdictional over all of its orders, decisions and awards."].)

In light of the limited nature of our review, the exclusive jurisdiction of the WCAB over the petitioner's claims, and the WCAB's position that there was error in the proceedings before it, we see no reason for further review in this court at this time.  The parties will have the opportunity to seek review here in due course.

## DISPOSITION

The petition is summarily granted.  The February 6, 2016 order denying Pacific Bay's petition for reconsideration is annulled and the case is remanded for further proceedings before the WCAB.

_____

NARES, Acting P. J.

WE CONCUR:

_____

HALLER, J.

_____

McDONALD, J.

3